SUMNER ELLINGWOOD, BY JOHN E. GALE, HIS GUARDIAN *v.* ARMON U. ELLINGWOOD, ADELAIDE S. ELLINGWOOD, EDITH E. ELLINGWOOD, ADELAIDE S. ELLINGWOOD, EXECUTRIX OF THE WILL OF FANNY ELLINGWOOD AND ELLEN M. REED.

May Term, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed January 17, 1917.

*Equity—Homestead—Sole Deed of Husband—Cross-Bill—When Dismissed.*

The sole deed of a husband of his homestead property is, by force of P. S. 2553, inoperative and conveys nothing; and no distinction is made by the statute between conveyances intended to destroy the homestead and those intended to protect it for the benefit of the wife by a transfer of it to her, with her consent, through a third party as a conduit of title.

A court of equity cannot give force to a deed made null and void by statute.

Where a cross-bill seeks affirmative relief, a decree for the orator in the original bill must include a dismissal of the cross-bill.

APPEAL IN CHANCERY.   Bill to set aside a conveyance of

real estate, and for an accounting for rent received.    Heard on bill, answer cross-bill, and facts found by the chancellor, at the October Term, 1915, Windham County, *Fish,* Chancellor.    Decree, adjudging the deed in question to be null and void, and ordering defendant Adelaide S. Ellingwood to account to the orator for certain rents received by her.    The defendants appealed.    The case is stated in the opinion.

.    *John E. Gale* and *A. P. Carpenter* for the orator.

The deed of Sumner Ellingwood to Ellen M. Reed, being a conveyance of the homestead, without the wife of Ellingwood joining therein, was null and void P. S. 2553.    *Martin* v. *Harrington, Admr. et al.,* 73 Vt. 193; *Laird, Assignee* v. *Perry et al.,* 74 Vt. 462; *Cushman* v. *Davis,* 79 Vt. 115; *Davis et al.* v. *Davis et al.,* 81 Vt. 263; *Blodgett* v. *Lawrence,* 90 Vt. 269; *Abell* v. *Lothrop,* 47 Vt. 375.

The deed of Ellen M. Reed to Fanny M. Ellingwood was void, because her husband, who was then living, did not join in it, and the deed to her from Sumner Ellingwood contained no words shutting out her husband from his marital interest in the land.    P. S. 2573, 3039.    *Dietrich* v. *Hutchinson,* 73 Vt. 134; *Curtis et al.* v. *Simpson et al.,* 72 Vt. 235; *Frary* v. *Booth,* 37 Vt. 87; *Hubbard* v. *Bugbee,* 58 Vt. 172; *Hackett* v. *Moxley,* 68 Vt. 210; *Chapman* v. *Long,* 66 Vt. 656; *Hubbard* v. *Hubbard,* 77 Vt. 73, 76; *Blondin* v. *Brooks et al.,* 83 Vt. 472.

*E. W. Gibson, W. R. Daley* and *W. D. Smith* for defendants.

The provision of the statute that the wife shall join in the conveyance of a homestead only applies to a conveyance alienating the homestead which is not the case here presented.    No right intended to be protected by the statute has been affected in any way.    The statute does not interpose obstacles in the way of a conveyance to the wife, with her consent and approval, whatever may be the form of the conveyance.    It is consistent with the homestead laws to uphold such conveyances, and there is no just reason for permitting the husband to question his own conveyance.    *Gagliardo* v. *Dumont,* 54 Cal. 498; *Spoon* v. *Van Tassen,* 53 Iowa 494; *Riehl* v. *Bingenheimer,* 28 Wis. 84; *Burkett* v. *Burkett,* 3 L. R. A. 781; *Harsh* v. *Griffin,* 72 Iowa 808;

*Furrow* v. *Athey,* 21 Neb. 671, 21 Cyc. 536(x), 610(b); *Lynch* v. *Doran,* 95 Mich. 395, 52 N. W. 882; *Thompson* v. *McConnell,* 107 Fed. 33; *Jones* v. *Currier,* 65 Iowa 533, 22 N. W. 663.

"A deed from husband to a third person of a homestead, for the mere purpose of transferring the title from him to the wife, which is accomplished by the grantee at once executing deed to her, is not void for want of her signature, but the whole transaction should be treated in law as a conveyance from the husband to the wife." *Stevens* v. *Castel,* 63 Mich. 111, 29 N. W. 828.

Ellen M. Reed was not conveying property in which she had an interest, but was merely acting as trustee for the purpose of transferring the legal title of the property from Sumner Elling-wood to his wife, and her husband never had any marital rights in the property to waive or convey. *Walston* v. *Smith,* 67 Vt. 542; *Barron* v. *Barron,* 24 Vt. 375, at p. 398; 2 Kent. 151; Sugden on Powers, 148; *Bumaly* v. *Griffin,* 3 Vesey 266.

The conveyance from Sumner Ellingwood to his wife through Ellen M. Reed as trustee was in fact one entire transaction, and equity will even sanction a deed directly between husband and wife. *Barron* v. *Barron,* 24 Vt. 375; Stom. Eq. Sec. 1380.

WATSON, J. On September 23, 1902, the plaintiff, Sumner Ellingwood, then a married man and the husband of Fanny M. Ellingwood, gave a quit claim deed of his homestead situated in Vernon, this State, to the defendant Ellen M. Reed, then a married woman and the wife of Marshall I. Reed, the said Fanny M. not joining in its execution and acknowledgment. There-after, on the same day, Ellen M. Reed gave her sole quit claim deed of the same premises to Fanny M. Ellingwood, the wife of Sumner. Each of these deeds was signed by two witnesses, one of whom was the husband of Ellen M. Reed, and each was ac-knowledged by the grantor before him as a justice of the peace. No consideration moved from either party in these conveyances, the object on the part of Sumner being to transfer the title to the homestead from himself to his wife, (believing that he would not live long and that his wife, who was considerably younger than he, would survive him,) using said Ellen M. as a mere conduit for the passing of the title. Both deeds were recorded in the town clerk's office in Vernon, on January 5, 1903.

Fanny M. Ellingwood died testate on December 4, 1913. By her will, which was duly probated and no appeal taken therefrom, she devised as a part of "the rest and residue of" her estate, the homestead property mentioned, to her daughter-in-law, Adelaide S. Ellingwood, to her and her heirs forever, conditioned that she provide Sumner with a good home, in her own family, and furnish him all things necessary for his comfort, etc., during his natural life, pay his funeral expenses, and place a suitable headstone at his grave. Adelaide S., individually and as executrix of said will, her husband, Armon U. Ellingwood, their daughter, Edith E. Ellingwood, and Ellen M. Reed, are made parties defendants.

After the death of Fanny M., Sumner was cared for by Armon and Adelaide in their home, until sometime in April following, when he became dissatisfied with his treatment at the hands of Adelaide and left. About two weeks later he went back and remained ten days longer, after which he returned to the homestead in question, which he never abandoned, where he has since resided, being cared for under the direction of his guardian by the tenants upon the property. He is now somewhat over eighty years old. This suit was brought to have the aforementioned deeds declared null and void, and for an accounting by Adelaide S., individually and as executrix, of all sums of money received by her as rental of the property, or any part thereof, and for general relief. We pass over the questions raised respecting the consequence of the deeds being witnessed by the husband of one of the parties thereto, and of his taking the acknowledgments of the grantors; for the property described therein being the homestead of Sumner Ellingwood, a married man, his deed to Ellen M. Reed, not joined in by his wife, was, by force of the statute, inoperative and conveyed nothing. P. S. 2553; *Martin* v. *Harrington* 73 Vt. 195, 50 Atl. 1074, 87 Am. St. Rep. 704; *Laird* v. *Perry,* 74 Vt. 454, 52 Atl. 1040, 59 L. R. A. 340. And since Ellen M. took nothing by the deed to her, she conveyed nothing by her deed to Fanny M. Ellingwood.

The defendants, by cross-bill, ask to have the two deeds, by order of court, declared to be good and sufficient conveyances of the real estate in question. And it is urged that the statute making inoperative the sole deed of the husband, of the homestead, does not apply to conveyances not intended to destroy the homestead, but to protect it for the benefit of the wife by a con-

veyance thereof to her by her consent. The statute, however, makes no distinction in this respect. The homestead act protects the husband as well as the wife, and his sole deed being absolutely void, the title stands as though no such deed had been given. *Martin* v. *Harrington,* cited above. In the Laird case, the object of the conveyance of the homestead by the husband was the same as in the instant case, namely, to convey the property through a third person to the wife. Yet it was held that as to the homestead, the husband's sole deed was void and conveyed nothing. And such a deed being by statute a nullity, a court of equity cannot give it force.

The cross-bill seeks affirmative relief; but no notice was taken of it in the decree below, as there should have been in order that disposition be made of the whole cause. *Hyde Park Lumber Co.* v. *Hunt,* 90 Vt. 435, 98 Atl. 907; *Moore* v. *Huntington,* 17 Wall. 417, 21 L. ed. 642; 10 R. C. L. 557; § 339. The cross-bill should be dismissed with costs, and the decree should be made to include it.

*Decree affirmed and cause remanded with directions that the decree be so altered as to include a dismissal of the cross-bill with costs.*