GEORGE GRANT FITZGERALD AND E. J. MERRILL *v.* ETHEL GRANT FITZGERALD, F. J. FOSTER, AND E. F. JOHNSON.

January Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 4, 1921.

*Appeal in Chancery—Final Decree—Unauthorized Appeal Dismissed on Court's Own Motion.*

1.   Under G. L. 1561, an appeal may be had only from a final decree; and a decree overruling a demurrer to a cross bill that does not settle the rights of the parties on the issues made by the pleadings is not appealable.

2.   The Supreme Court on its own motion will dismiss an unauthorized appeal.

APPEAL IN CHANCERY.   Bill to establish title to a trust fund. Heard on plaintiffs' demurrer to cross bill of defendant Fitzgerald at the April Term, 1920, Essex County, *Moulton,* Chancellor.   Decree overruling the demurrer and adjudging the cross bill sufficient, and ordering the defendant Johnson to pay the defendant Fitzgerald $1,242.30 of the trust funds in his hands. The plaintiffs appealed.   The opinion states the case.

*Amey & Cameron* for the plaintiffs.

*Theriault & Hunt* for the defendants.

SLACK, J.   The material allegations in the bill are these, in substance:   That plaintiff Merrill by virtue of an assignment from plaintiff Fitzgerald is the lawful owner of a trust fund now held by defendant Johnson; that defendant Ethel claims some title to, and interest in, said fund by virtue of an assignment that antedates the assignment to Merrill; that the assignment to Ethel is invalid because without consideration and because it is in effect an assignment by her as guardian for plaintiff Fitzgerald to herself made while the ward was a minor, and that after coming of age he disaffirmed and repudiated it; that

the defendant Foster at one time claimed an interest in said fund under an assignment from plaintiff Fitzgerald given prior to the Merrill assignment, but that there is now no foundation for said claim, and praying that the assignments to Ethel and Foster be canceled and delivered to the plaintiffs, and that defendant Johnson be ordered and decreed to pay said fund to Merrill. Ethel filed an answer to the bill embodying therein a demurrer. Subsequently she filed a cross bill, making the plaintiffs and her codefendant Johnson defendants therein. The cross bill alleges, in substance, that Ethel while guardian for plaintiff Fitzgerald, and acting as such, and at the special request of her ward, assigned said fund to one Nelson; that Nelson reassigned the same to her; that her ward, after coming of age, ratified and affirmed said assignments; that at the request of her ward and in consideration of his promise to reimburse her therefor, she advanced him certain sums of money, furnished him certain articles of wearing apparel, and paid certain bills contracted by him, all of which, with interest, amounted to $1,339.98 as of June 24, 1919; that in equity she is entitled to be reimbursed therefor out of the funds in the hands of said Johnson; that said fund amounts to $1,515.88 with interest since June 25, 1919, and praying that said Johnson be ordered and decreed to pay her the amount so expended by her. Johnson first filed a motion to dismiss the original bill, and later filed an answer to the original bill and also to the cross bill. The other defendants to the cross bill filed a demurrer and an answer thereto. Ethel filed a replication to Johnson's answer to her cross bill. Foster did not appear.

The pleadings stood thus when a hearing was had on the demurrer to the cross bill resulting in a decree overruling the demurrer and sustaining the cross bill; whereupon, to quote from the decree, "After hearing evidence as to the amount of equity belonging to the defendant Ethel * * * in the trust fund," etc., it was further ordered and decreed that Johnson pay to her the sum of $1,242.30. This is as far as the decree goes; and the only questions that appear to have been considered are such as are raised by the cross bill and demurrer thereto.

Without proceeding further, the demurrants to the cross bill filed a motion for an appeal, which was allowed, and the case has been argued as though here on appeal. Upon what grounds the proceedings subsequent to the overruling of the

demurrer can be justified is by no means clear. Upon the demurrer being overruled, if the demurrant elected to stand on the demurrer, the cross bill should have been taken as confessed, and the case proceeded with accordingly; but if the demurrants waived the demurrer, or the benefit thereof was reserved to them till the hearing, the hearing should have proceeded on the merits.

The record does not show that the demurrants elected to stand on their demurrer or that the cross bill was taken as confessed; and that part of the decree quoted above shows that the hearing following the overruling of the demurrer was confined to the question of the amount due Ethel; it was not a hearing of the case on the merits. However, for reasons to be stated presently, we take no further notice of this situation.

[1, 2]    While no claim is made that the decree is not one from which an appeal is authorized, the record clearly shows such to be the fact. It is only from final decrees that an appeal may be had. G. L. 1561; *Page* v. *Page's Admr.*, 91 Vt. 188, 99 Atl. 780, and cases there collected. The test of the finality of a decree in chancery from which an appeal lies is that it disposes of the merits of the case; settles the rights of the parties on the issues made by the pleadings. *Page* v. *Page's Admr., supra; Nelson* v. *Brown,* 59 Vt. 600, 10 Atl. 721. That this decree does not settle the rights of the parties on the issues made by the pleadings is too plain to admit of argument. The ownership of at least part of the trust fund is still undetermined; the claim of Foster is undisposed of; in short, the decree as it stands does not dispose of the original bill, nor does it attempt to. If the decree settled the rights of the parties on the issues made by the pleadings, and was short in some formal respect, only, as was the decree in *Ellingwood et al.* v. *Ellingwood et al.,* 91 Vt. 134, 99 Atl. 781, the case would be properly in this Court and the defect could be remedied as was done in the Ellingwood Case; but such is not the situation in the case before us. The decree here appealed from is in no sense final, and therefore the appeal was unauthorized and the case is not in this Court. In such cases the Court will not wait for the parties to object, but will act on its own motion. *McArthur* v. *Blondin,* 86 Vt. 62, 83 Atl. 468; *Abbott* v. *Sanders,* 83 Vt. 165, 74 Atl. 1058.

*Appeal dismissed.*