MATILDA SAUND *v.* CARL P. SAUND.

October Term, 1926.

Present:   WATSON, C. J., POWERS, SLACK, and FISH, JJ., and MOULTON, Supr. J.

Opinion filed February 2, 1927.

*Judgment—Entry in Vacation under Authority of G. L. 1607— Dismissal of Unauthorized Exceptions by Supreme Court on Its Own Motion.*

1.  Authority and jurisdiction of county court in vacation with regard to entry of judgment in cause fully heard during stated term, after adjournment thereof, is only what is given by G. L. 1607.

2.  Where petition for divorce was heard during stated term, but not disposed of during session, and, upon adjournment was left "with the court," and thereafter, during vacation, findings of fact signed by all the judges were filed, and at same time decretal order, drawn in compliance with G. L. 3590 relating to decrees of alimony to wife, signed by presiding judge alone, was filed, *held* that there was no judgment under G. L. 1607,

authorizing entry of judgment in vacation in a case fully heard during term, action by at least quorum of court being requisite.

3. Where attempted entry of judgment was ineffective under G. L. 1607 because decretal order was signed by presiding judge alone, exceptions therefrom being unauthorized and case not properly in Supreme Court, latter will on its own motion dismiss exceptions.

PETITION FOR DIVORCE on grounds of intolerable severity and refusal to support. Heard by court at September Term, 1925, Washington County, *Thompson, J.*, presiding. Case being undisposed of during session, on adjournment was left "with the court." During vacation findings of fact signed by all the judges were filed, and at same time decretal order signed by presiding judge alone was filed, granting divorce for intolerable severity in accordance with facts found, and awarding alimony. The petitionee excepted. *Exceptions dismissed.*

*T. Tracy Lawson* for the petitioner.

*Theriault & Hunt* for the petitionee.

FISH, J.    This is a petition for divorce which was brought to the Washington county court and heard at the September Term, 1925. It was not disposed of during the session, and on the adjournment thereof was entered "with the court."

Thereafter, and during vacation, findings of fact were filed and at the same time a decretal order. The former was signed by all the judges and the latter by the presiding judge alone. By the terms of the decretal order the petitioner was granted a divorce for intolerable severity according to the facts found and on file in the case, and alimony was awarded.

The form and language of the decretal order clearly indicate that it was intended as an order of the court in which all the judges were to join. It was necessary as a matter of law that at least a majority of the judges should sign it in order to make it effective. The presiding judge, acting alone, could not do this, nor could he act for the other judges.

[1, 2]    G. L. 1607 provides that the county courts may, in vacation after the adjournment of a stated term, enter judgment in a case fully heard during such term. This provision of the

statute was enacted in 1898. Formerly when cases were entered "with the court" judgment could not be entered after the adjournment of the term except upon assent of the parties. *Yattar* v. *Miller*, 61 Vt. 147, 152, 17 Atl. 850. But since the passage of the act this entry is effective for the purpose of entering judgment in vacation, in cases where this may properly be done, without the consent of the parties. However, the authority and jurisdiction of the county court in vacation is now only what the statute gives it. *Barnes* v. *Albert*, 87 Vt. 251, 88 Atl. 815; *Morgan* v. *Gould et al.*, 96 Vt. 275, 278, 119 Atl. 517.

It was held by this Court in *Platt's Admr.* v. *Shields & Conant*, 96 Vt. 257, 265, 119 Atl. 520, that G. L. 1607 contemplates action by a quorum of the county court, which means of course at least a quorum, and does not, standing alone, authorize a single judge to act. In that case there were facts that gave authority to the presiding judge to act without the concurrence of his associates. Here there are no such facts.

G. L. 3590, which authorizes decrees of alimony to the wife of the real and personal estate of her husband, provides that in case real estate is decreed she shall cause a copy of the decree to be recorded in the office of the clerk of the town in which such real estate is situated. The decretal order in the instant case was so drawn as to comply with the provisions of the statute in question, as well as embracing the further provision as to granting the divorce and the cause therefor. It is the custom for the presiding judge to announce in open court its decisions in divorce and other cases heard by the court when such cases have been decided during the session. When a judgment is rendered in such cases in vacation, on the other hand, proper procedure requires that there shall be a judgment or decretal order in writing, signed by the court, or a majority thereof, and filed with the clerk.

[3] For reasons already appearing there was no judgment in the instant case. Therefore the exceptions are unauthorized and the case is not in this Court. It is one of those cases where the Court does not wait for the parties to make the claim that there is no case here, but acts on its on motion in dismissing the exceptions. *Fitzgerald & Merrill* v. *Fitzgerald et al.*, 95 Vt. 301, 303, 115 Atl. 99; *McArthur* v. *Blondin*, 86 Vt. 62, 83 Atl. 468; *Abbott* v. *Sanders*, 83 Vt. 165, 74 Atl. 1058.

*Exceptions dismissed.*