Lucy Beam, b. n. f. *v.* Herbert Fish.

Special Term at Rutland, November, 1933.

Present:   Powers, C. J., Slack, Moulton, Thompson, and Graham, JJ.

Opinion filed May 1, 1934.

220

*Novak, Bloomer & Spero* for the plaintiff.

*Jones & Jones* and *G. M. Goddard* for the defendant.

MOULTON, J. ■ This is a motion by the defendant to dismiss the plaintiff's exceptions. The cause was tried at the March Term, 1932, Rutland county court, Judge Davis presiding. There were two defendants, Fish and Dansro. A verdict was directed for Fish, and the cause was continued as to Dansro, and passed to this Court upon exceptions by the plaintiff. It was heard at the Special Term at Rutland, November, 1932, and at the General Term in January, 1933, the exceptions were dismissed for the reasons given in the opinion, 105 Vt. 96, 163 Atl. 591. At the March Term, 1933, Rutland County, Judge Buttles presiding, the plaintiff discontinued her action as against Dansro, and another judgment was entered in favor of Fish, to which the plaintiff excepted. On July 13, 1933, a bill of exceptions was filed, signed by Judge Davis as presiding judge of the March Term, 1932. On January 30, 1934, and after this motion had been argued before us, another bill of exceptions,

signed by Judge Buttles as presiding judge of the March Term, 1933, was filed. Both bills attempt to bring before us the questions raised upon the trial in 1932, for in each of them reference is made to the record and transcript of that trial. It appears, construing the bills, as we must, strictly but reasonably against the excepting party (*Poulin* v. *Graham,* 102 Vt. 307, 310, 147 Atl. 698; *Higgins* v. *Metzger,* 101 Vt. 285, 298, 143 Atl. 394; *Hanley v. Town of Poultney,* 100 Vt. 172, 174, 135 Atl. 713, 54 A. L. R. 371; *St. Albans Granite Co.* v. *Elwell & Co.,* 88 Vt. 479, 483, 92 Atl. 974; *Stoddard* v. *Ins. Co.,* 75 Vt. 253, 257, 54 Atl. 284), that the second judgment was entered without a trial and while the first judgment remained in full force and effect.

The questions whether the second judgment was properly entered and whether, if so, it constitutes a sufficient basis upon which the rulings made at the former term are presented for review, are not necessary to decide, since the exceptions must be dismissed for reasons which will presently appear. G. L. 2258 provides that: "Exceptions to the opinion of the county court on a question of law arising on the trial of a civil cause, shall be signed by the presiding judge and be filed with the clerk within thirty days after the rising of court." The provisions of this statute are mandatory, and a compliance therewith is necessary to give this Court jurisdiction. The requirement that the bill of exceptions shall be signed by the presiding judge means the judge who presided at the trial of which a review is sought, and it is just as necessary that it be signed by the proper judge as it is that it be filed at the proper time. *Tucker* v. *Yandow,* 100 Vt. 169, 171, 135 Atl. 600. And bills of exceptions which have not been filed within thirty days after the rising of court cannot be entertained by us. *Hotel Vermont Co.* v. *Cosgriff,* 89 Vt. 173, 175, 94 Atl. 496; *Marshall Bros.* v. *Town of Canaan,* 94 Vt. 319, 320, 111 Atl. 343.

Judge Davis was not the presiding judge at the March Term, 1933, and, so far as appears, he had nothing to do with the entry of the second judgment. An exception to this ruling could not be signed by him. True, he presided at the March Term, 1932, but more than thirty days had passed since the adjournment thereof. While the day of final adjournment is not before us, on the record, and because it is not fixed by law we cannot take judicial notice of it (*Lapoint* v. *Sage,*

90 Vt. 560, 563, 99 Atl. 233), it is evident that it was more than thirty days before July 13, 1933, because two other terms of the same court, in September, 1932, and March, 1933, respectively, had intervened, and of this fact we may and do take notice. *Lapoint* v. *Sage, supra.*

And so, too, of the bill signed by Judge Buttles. He presided at the term during which the second judgment was entered, but he did not preside at the trial. When the bill of exceptions signed by him was filed on January 30, 1934, the statutory time had elapsed since the final adjournment of the March Term, 1933. Another term, in September, 1933, had intervened.

We are therefore without jurisdiction to entertain either bill. While that one signed by Judge Buttles is not made a basis for the motion to dismiss, yet, being without jurisdiction, we act upon our own motion with regard to it. *Saund* v. *Saund,* 100 Vt. 176, 178, 136 Atl. 22.

*Exceptions dismissed.*