# State of Vermont v. George J. O'Connell

(99 A2d 705)

May Term, 1953.

Present: **Sherburne, C. J., Jeffords, Cleary and Adams, JJ., and Chase, Supr. J.**

Opinion Filed October 6, 1953.

56

*Philip M. M. Phelps* for the petitioner.

*F. Elliott Barber, Jr.*, Attorney General, for the State.

**Cleary, J.** The petitioner, after indictment and trial by jury at the September 1947 term of Rutland county court, was acquitted of murder by reason of insanity, and committed to the state prison where he is still confined under the provisions of V. S. 47, §2462. He has petitioned the Rutland county court for a discharge from confinement under the provisions of V. S. 47, §2464. Hearing was had by the court, findings of fact were filed and an order made dismissing the petition without prejudice. The case is here on the petitioner's exceptions to the findings of fact and to the judgment order.

The petitioner has briefed only one exception, "that the findings are not supported by the evidence." The findings of the trial court must stand if there is legitimate evidence fairly and reasonably tending to support them. *Harrison* v. *Harrison*, 110 Vt 254, 257, 4 A2d 348; *Schwarz* v. *Avery*, 113 Vt 175, 180, 31 A2d 916; *Haskins* v. *Haskins' Estate*, 113 Vt 466, 470, 35 A2d 662; *Sparrow* v. *Cimonetti*, 115 Vt 292, 297, 58 A2d 875.

The petitioner states the law correctly that in determining whether the findings are supported by the evidence, the evidence must be considered as a whole, and not piecemeal, citing *Colby's Executor* v. *Poor*, 115 Vt 147, 153, 154, 55 A2d 605; and that the Supreme Court is bound to construe a record reasonably, and this requirement applies to every part of the record, citing *McGann* v. *Capital Savings Bank*, 117

Vt 179, 183, 89 A2d 123. But the finding must stand if it can be supported upon any rational view of the evidence, *Colby's Executor* v. *Poor*, 115 Vt 147, 152, 55 A2d 605, and a finding must stand if supported by any substantial evidence, although there may be inconsistencies, or even substantial evidence to the contrary. *Petition of Citizens Utilities Company*, 117 Vt 285, 287, 91 A2d 687.

It appeared that at his previous trial for murder there was evidence from the petitioner's own psychiatrist that the petitioner was a Constitutional Psychopathic Inferior. At the hearing now being considered there was evidence that such a person is unable to meet the stress and strain which might confront him in normal life; that such a condition is inherent; that there is really no recovery until much later in life than the petitioner's present age, when his drive has spent itself; that it is a characteristic that such a person does not control himself, particularly in his usual relations with the community at large; that such a person is born with it and cannot help it; that the judgment of such a person is usually poor, that he continues to do the things that a normally sane person would not do; that he is more likely to use liquor than a normal person and more likely to demonstrate homicidal tendencies under stress and strain than a normal person; that the petitioner had used intoxicating liquor just previous to the killing and that since then he has not had access to it; that there is no way of knowing what the petitioner will do if he is released and at best what his course of conduct will be must be a matter of speculation.

The petitioner takes the position that the evidence given at the trial of 1948 should be disregarded, and that the evidence given at the hearing on the present petition is controlling. But the evidence that the petitioner was a constitutional psychopathic inferior at the time of his previous trial was introduced at the hearing on his petition, and without objection. So it was for consideration.

■ Lastly the petitioner complains that the trial court brushed aside the testimony of his three psychiatrists that the going at large of O'Connell would not be dangerous to the

58

community. From the testimony of the psychiatrists, both for the petitioner and the State, which we have related supra, there was evidence fairly and reasonably tending to support the court's finding that the release and going at large of the petitioner is dangerous to the community. Because the court did not adopt the latest conclusions of the petitioner's experts it does not follow that their testimony was brushed aside as the persuasive effect of the evidence taken as a whole was for the trial court to determine. It is not our province to say that it ought to have been otherwise than it was. *Putnam* v. *Woodard*, 111 Vt 39, 43, 10 A2d 186; *Schwarz* v. *Avery*, 113 Vt 175, 179, 31 A2d 916; *Petition of Citizens Utilities Company*, 117 Vt 285, 287, 91 A2d 687.

■■ It should be unnecessary to cite authority for the well established rule that the credibility of the witnesses and the weight to be given to their testimony is not for us, but for the trial court to determine. *Colby's Executor* v. *Poor*, 115 Vt 147, 153, 55 A2d 605; *Petition of Citizens Utilities Company*, 117 Vt 285, 287, 91 A2d 687, and all conflicts must be resolved against the excepting party. *Taylor* v. *Henderson*, 112 Vt 107, 111, 22 A2d 318; *Dwinell* v. *Alberghini*, 115 Vt 394, 398, 62 A2d 124. We must read the evidence to support the findings, if reasonably possible, when considered as a whole. *Colby's Executor* v. *Poor*, 115 Vt 147, 153, 55 A2d 605. Having these rules in mind we are satisfied that the findings were justified and that the exception cannot be sustained.

*Judgment affirmed.*