## Cedric Abell v. Central Vermont Railway, Inc.

(102 A2d 847)

January Term, 1954.

Present: **Sherburne, C. J., Jeffords, Adams and Chase, JJ., and Hulburd, Supr. J.**

Opinion Filed February 2, 1954.

*H. H. Powers* for the defendant.

*William B. Goldsbury* for the plaintiff.

**Chase, J.** This case, brought under V. S. 47, §§9544-9547, was heard at its September. Term, 1952, by the Franklin County Court without a jury. No oral evidence was offered and received but the facts were stipulated and conceded by counsel for the respective parties in open Court.

Findings of fact, which were agreed to by the parties through their counsel, were made by the court and judgment entered for the plaintiff. The defendant excepted to the judgment and the entry thereof and to the refusal of the court to enter judgment for the defendant. The case is here on the defendant's exceptions.

The defendant's exceptions present only the question of whether the findings are such as to support the judgment. *Duchaine* v. *Zaetz*, 114 Vt 274, 276, 44 A2d 165; *Randolph* v. *Ketchum*, 117 Vt 468, 477, 94 A2d 410.

From the agreed facts pertinent to the questions in this case it appears that the plaintiff occupied, under a lease from the owner, land through which the defendant's right of way and a public highway had been constructed; that for a distance of 640 feet the easterly line of the defendant's right of way was the westerly line of the public highway; that the defendant had not constructed any fence along the easterly line of its right of way where it adjoined the public highway; that the plaintiff had erected a fence twelve feet easterly of the easterly line of the public highway; that at an agreed point within the limits of the 640 feet the plaintiff's cattle went through a break in his fence, crossed the highway and the defendant's right of way and went on to the defendant's track where they were struck by the defendant's locomotive; that the damage to the plaintiff was $946.00; that no claim was made that the

defendant operated its train in a careless or negligent manner; that the damage to the plaintiff's cattle would not have occurred if the defendant had erected a good and sufficient fence along the entire east line of its right of way.

■ The first point presented by the defendant in its brief is that the statutory duty of a railroad with respect to cattle guards is a duty owed to the public generally while its duty to erect and maintain fences along its right of way is a duty owed only to the adjoining or abutting landowners. The position thus taken is correct as far as it goes. However, the duty of a railroad to erect and maintain a fence along its right of way is also owed to the rightful occupier of the adjoining premises. *Jackson* v. *Rutland & Burlington Railroad Co.*, 25 Vt 150, 161; *Bemis* v. *Connecticut & Passumpsic Rivers R. R. Co.*, 42 Vt 375, 378; *Delphia* v. *Rutland Railroad Co.*, 76 Vt 84, 87, 56 A 279.

The second point presented by the defendant in its brief is that the defendant is under no duty to the plaintiff to erect a fence along its right of way because "the plaintiff's land and the railroad right of way do not abut one another but are completely separated by the public highway. Instead of bordering on the right of way, the plaintiff's land borders on the highway, which, in turn, borders on the right of way."

■■ Apparently the defendant claims that when a highway is laid out the owner of the land through which it runs is dispossessed or ousted. With this we do not agree. The owner of land, through which a highway is established, retains the fee of the soil embraced within its limits, with the full right of its enjoyment in any manner not inconsistent with the enjoyment of the easement by the public for the purpose of a highway. *Holden* v. *Shattuck*, 34 Vt 336, 342; *Cole* v. *Drew*, 44 Vt 49, 52. Taking land for a highway gives the public nothing more than a right of way in the land. Such right of way gives the public no right to the trees or herbage growing upon the land, or to the stone and minerals under the soil. These are as much the property of the owner of the freehold as before. *Jackson* v. *Rutland & Burlington Railroad Co.*, 25 Vt 150, 158.

It is apparent under the cases above cited that the plaintiff's lessor was an abutting landowner of the defendant and, as this case was presented, was owed the duty of fencing by the defendant.

The finding that "the Kittell property is occupied by the plaintiff" is not qualified or limited as claimed by the defendant in oral argument. Nor does the building of a fence by the plaintiff to hold his cattle in that portion of the Kittell property used by him as a pasture, limit or restrict his occupancy of the Kittell property as claimed by the defendant in oral argument. It would be a little incongruous to say that a person, by building a pasture fence, had fenced himself out of the rest of his property.

No tenable claim is made that the plaintiff was not a rightful occupant of the Kittell premises. We will infer in support of the judgment that the lower court so found. *Longchamp* v. *Conti*, 115 Vt 492, 493, 66 A2d 1; *Barre City Hospital* v. *Town of St. Johnsbury*, 117 Vt 5, 7, 83 A2d 600. Since the obligation to fence extends to the rightful occupier of the lands of an adjoining owner it follows that, in this case as it was presented, the judgment was properly entered for the plaintiff unless he has waived his rights to a fence as claimed by the defendant.

The third point presented by the defendant is that the plaintiff has waived any rights he had under V. S. 47, §§9544-9547 by building a fence to contain his cattle.

"A waiver is the voluntary relinquishment of a known right. To establish it, there must be shown an act or omission on the part of the one charged with the waiver fairly evidencing an intention permanently to surrender the right in question. It may be express or implied. But if it is of the latter class, caution must be exercised both in proof and application. The facts and circumstances relied upon must be unequivocal in character. * * * When it is in derogation of a statutory right, it is not favored, and will not be inferred from doubtful acts." *Dunbar* v. *Farnum*, 109 Vt 313, 322, 323, 196 A 237, 241, 114 ALR 996, and cases cited. Tested by this rule the facts in this case fall far short of coming within its provisions.

In this case the defendant has not presented any questions requiring a reversal of the judgment below.

*Judgment affirmed.*