### City of Montpelier v. Dubois B. Bennett Et Al

[125 A2d 779]

February Term, 1956

Present: **Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.**

Opinion Filed May 1, 1956.

Opinion on Motion for Reargument filed October 2, 1956.

*C. O. Granai* for the petitionees.

*John D. Paterson* for the petitioner.

**Adams, J.** This is a proceeding in chancery. The pleadings consist of the bill of complaint, the defendants' answer and cross-bill and the plaintiff's replication.

The matter involves the rights of the respective parties in and to a piece of land now abutting, on its westerly side, the present three lane highway between the cities of Montpelier and Barre, known as U. S. Route 302, the southerly boundary of the piece in question being the line between the city of Montpelier and the town of Berlin. The piece extends from that line northerly a distance of approximately 290 feet and it is approximately 3 rods in width. Its center line is the center line of the old two lane cement highway as it existed at that point in 1926.

The controversy arises because of a change in the location of the highway by the construction of a three lane highway on land acquired by the plaintiff, the land so acquired having for its westerly boundary, the easterly boundary of the land in question. The purpose of the change was to eliminate a curve.

The plaintiff, in its bill of complaint, claims title in fee to the land in question and alleges continued trespasses thereon by the defendants by placing thereon dirt, rocks and other materials, by filling-in said land and by placing thereon used motor vehicles. It seeks to enjoin the defendants from continuing their trespasses and for an order requiring the defendants to remove the dirt, rocks and other materials and the used automobiles.

The defendants by their answer deny the plaintiff's title, deny the trespasses and claim to own the land as abutting owners by virtue of V. S. 47, §5098. They allege in their cross-bill that the plaintiff abandoned part of the former highway

by relocating the same and establishing and maintaining the relocated road, that they are the owners in fee of the land abutting the discontinued and abandoned highway and as such, by virtue of V. S. 47, §5098, are the owners of the land westerly of the relocated road and it should be set to them as owners in fee. They ask that the injunction be dissolved, that the plaintiffs' bill be dismissed and that the abandoned road abutting the land of the defendants be decreed and set to them.

The case was heard by the chancellor on the pleadings and oral testimony introduced by both parties. Findings of fact were made and filed. A decree was entered in favor of the plaintiff and an injunction issued against the defendants.

The case is here on various exceptions of the defendants which we will particularly specify in our discussion of them.

At the close of the plaintiff's evidence, the defendants moved that the plaintiff's bill of complaint be dismissed. The motion was denied subject to an exception. This is the first one briefed by the defendants. The motion was in substance based upon the proposition that the plaintiff had not established title in fee to the land in question and that when the highway was altered and its location changed, the land comprising the old location reverted to the defendants as abutting owners.

The motion was premature, since it was made before the findings of fact were prepared and filed. V. S. 47, §1302 in conjunction with §2121, contemplates that the facts must be found before a bill of exceptions is allowed. It is the same in chancery as in law cases. *Raithel* v. *Hall*, 99 Vt. 65, 70, 130 A 749; *Kennedy* v. *Robinson*, 104 Vt. 374, 377, 160 A 170; *Sparrow* v. *Cimonetti*, 115 Vt. 292, 303, 58 A2d 875. There was no error in denying the motion.

The defendants excepted to findings 3, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, 19, 22, 23, 24, 25, 26, 27, 29, 31 and 32. They have not briefed the exceptions to findings 3, 7, 14 and 19 and to the chancellor's failure to find as requested so they are waived. *Strout* v. *Wooster*, 118 Vt. 66, 71, 99 A2d 689.

Before we discuss the exceptions to the various findings, it is advisable that we state some general rules that

apply to the consideration of exceptions to findings. The credibility of the witnesses and the weight to be given to their testimony is not for us, but for the trial court to determine. A finding must stand if there is legitimate evidence fairly and reasonably tending to sustain it; if this is so, the fact that the evidence is conflicting cannot avail the excepting party, for all conflicts must be resolved against him on review. We must read the evidence to support the findings, if reasonably possible, when considered as a whole. *Sparrow* v. *Cimonetti*, *supra*, 115 Vt. 292, 297-298, 58 A2d 875; *State* v. *O'Connell*, 118 Vt. 55, 58, 99 A2d 705; *Bagalio* v. *Hoar*, 118 Vt. 384, 388, 110 A2d 719.

In order to better understand our discussion of the exceptions to the findings and the disposition of them, it is necessary to summarize the findings to which no exceptions were taken or to which exceptions are not briefed. The claim of each party is to an area of land 3 rods wide and approximately 290 feet long, located immediately west of the present highway, U. S. Route 302, a much travelled highway, extending north and south between the cities of Barre and Montpelier. At the point in question, it consists of three lanes and is 30 feet wide, plus a 9 foot shoulder on each side. The strip in question is that used for highway purposes from 1926 to 1941, when U. S. Route 302, then consisting of 2 cement lanes with black top shoulders was relocated by the plaintiff in cooperation with the state. In May, 1941, the defendants by warranty deed conveyed to the plaintiff the land located between the area in controversy and the center line of the relocated highway. Upon completion of the re-located highway, the old highway was discontinued for through-traffic purposes. In 1945, the defendants acquired certain land and premises situated westerly of the area in question. In the fall of 1945 and during the years 1946 to 1949 inclusive, the defendants graded, bulldozed and filled the area in question. This filling was within 2 or 3 feet of the west side of the new road at the north end of the area in question and 6 feet at its south end. It varies in depth from 3 to 7 feet and is now approximately 4 feet above the level of the present road.

The defendants excepted to finding 5. It states, "In

1941 the plaintiff, in collaboration with the state, undertook to straighten and eliminate a curve in this highway * * *, in so doing the highway at this point was moved so that the new highway (1941) was entirely east of the old highway (1926) * * *." We now quote from the defendant's brief, "This exception is directed against the phraseology of the finding, rather than to the finding itself, in that the chancellor states, 'that the plaintiff, with the state undertook to straighten and eliminate a curve in this highway; in so doing the highway at this point was moved.' The defendants say that the highway was altered so that the new highway (1941) as relocated was entirely east of the old highway (1926). There is no evidence of the word 'moved' being used in regard to the old highway, for it was relocated." From their brief, the defendants apparently object to the word "moved" in the finding. Other findings, not excepted to or to which the exceptions are not briefed specify that the highway "was relocated by the plaintiff in cooperation with the state", also "upon completion of the relocation and alteration of the main highway at this point, the new highway was entirely east of the old highway * * *." When taken in connection with the other findings, there can be no question that the word "moved" as used by the chancellor meant the relocation and alteration in the highway and not "moved" physically. The exception is too trivial to need further attention or discussion.

Finding 6 described the terminus of the most southerly end of the area in question as the plaintiff-Berlin town line and a part of the main highway known as River Street in the plaintiff city. The evidence was uncontradicted that the southerly terminus was the city and town line set forth in the finding and which was also the northerly boundary of the Wayside Lunch property. One ground of the exception to the finding was that its southerly boundary was the Wayside Lunch property. This ground of the exception is without merit. A further ground of the exception was that the area in question was no longer a part of River Street. We will cover that part of the exception in our discussion of exceptions to other findings.

Finding 8 sets forth the distance of 36.5 feet from the center line of the present highway as relocated in 1941 to the

easterly edge of the old highway or 3 rod strip here in question at its southerly end; the distance of 290 feet to its northerly terminus and at that point the distance of 5 feet from the center line of the relocated highway to the easterly edge of the old highway or area in dispute; that from that point, the center line of the new pavement continues to approach the center line of the old highway, "the over-all effect being a straightening and widening of the highway at this point and the elimination of a sharp curve, [see plt's 6]." The exception is "that the old highway was not straightened and widened but was altered and relocated and has not been any part of the travelled highway since 1941." Thus it was contrary to the evidence and the law.

The defendants say in their brief, "There is no evidence that 'the over-all effect being a straightening and widening of the highway at this point and elimination of a sharp curve, see plt's ex. 6.' There was an alteration and relocation of a new highway. The evidence is clear that the relocated U. S. 302 is no part of the land here in question, plt's ex. 6". An examination of plaintiff's 6, the construction map or plan that includes the area in question, shows the contrary. It shows without question, that (1) a sharp curve was eliminated; (2) a relocation of the road-bed for part of the distance at the place in question as easterly of the 3 rod strip in question, but a part of the relocated highway is on that 3 rod strip for some distance near its northerly end; (3) the straightening begins northerly of the area in dispute and continues over part of it; (4) a shoulder and sidewalk was to be constructed some of which is on the 3 rod strip. There is no dispute but that the construction resulted in a widening from a two lane to a three lane highway. There is evidence to sustain the finding.

The defendants excepted to that part of finding 9 which reads as follows, "The plaintiff acquired the area here in controversy November 8, 1926 by quit claim deed from Wallace B. and Annie M. Marvin, which deed is plaintiff's exhibit 1," The finding then sets out the deed in full. From other findings and the decree it is apparent that the chancellor meant that the plaintiff acquired title in fee to the area in dispute by this deed. Both parties so treat it and we do the same. It

appears by later findings that the grantors in plaintiff's exhibit 1 are predecessors in the title of the defendants to the land westerly of the area in dispute. The ground of the exception is that the plaintiff acquired only a right to use the land as a public highway and for no other purpose, as it appears from the deed the land in question was for highway purposes only and that when the public use was terminated by the alteration and relocation of the old highway and a new travelled way was established, the plaintiff had no longer any right in the land.

■ The deed describes the land as follows, "Being a strip of land three rods in width, the center line of which is the new concrete roadway this year laid on River Street, so-called." The description is not limited in any manner. There is nothing that specifies it is to be used for highway purposes only. The habendum clause in the deed reads as follows, "To have and to hold all our right and title in and to said quit-claimed premises, with the appurtenances thereof to the City of Montpelier its successors and assigns forever." The fact that the strip of land is described as having for its center line a concrete roadway center line does not diminish or qualify the grant. It only serves to assist in locating the land as an aid to the description. In *Robinson* v. *Missisquoi R. R. Co.*, 59 Vt 426, 10 A 522, the deed in question contained the following, "being a strip of land four rods in width across my land, and being the same land now occupied by the St. Albans and Richford Plank Road Co. for their road, for the use of a plank road." This Court held at pages 431-432 that the description without the last clause is appropriate to an absolute grant; that this remaining clause, unless properly descriptive of the premises, is such language as would naturally be used to limit or qualify the grant, to change it from a fee to an easement; then saying, "This clause can have no force as descriptive of the premises conveyed, and no force at all, unless as qualifying and limiting the grant." Using the familiar rules of construction that gives full force and effect to every word and clause and not one that makes some portion of the language meaningless, it was held that the last clause, when considered with other circumstances

in the case, qualified and limited the grant from a fee to an easement. There are no qualifying words in the deed in question, either in the description or in the habendum clause.

The defendants rely upon the case of *Bradley* v. *Crane*, 201 NY 14, 94 NE 359, 363, which held that a deed of land to a city conveyed only an easement. There the deed contained the words, "for the sole and only use of a public road forever." That distinguishes it from the instant case. We have examined cases from other jurisdictions cited by the defendants; they are distinguishable either from the language in the deed or because of statutory provisions.

Two of our own cases should be mentioned. In *Beach* v. *Haynes*, 12 Vt 15, this court had occasion to construe a deed to the town of Westford. There, the deed was in warranty form, the habendum clause was without limitation and in the description were found these words, "said land being for the use of a common." It was held that the deed conveyed a fee. In *State* v. *Woodward*, 23 Vt 92, this Court was called upon to construe a deed. The grantees were the town of Westford and the First Congregational Society in Westford. It conveyed four and one-half acres of land, describing it as then "occupied as a meeting house green," to the Society two acres, by metes and bounds and to the Town two and one-half acres by metes and bounds, then closing the description, "which two tracts are conveyed for the use of the society and the town as a meeting house green." The habendum was without limitation and there was full warranty as to title. It was held that the deed conveyed the land in fee.

The defendants rely upon a considerable number of cases from this jurisdiction beginning with *Pettibone* v. *Purdy*, 7 Vt 514 and ending with *Abel* v. *Central Vermont R. R. Co.*, 118 Vt 189, 191, 102 A2d 847, which hold that when a highway is laid out and established and land is taken therefor, the owner of the land retains the fee and there is only a right of way or easement in the public for the purpose of a highway. The trouble with the defendants' position is that the law in those cases does not apply here. We are not concerned in the instant case with the rights of the public and the owners of land over which a highway has been laid out and established.

236

There is nothing in this case in regard to that procedure. We are called upon to construe a deed whereby the plaintiff city acquired the land. We hold that the plaintiff acquired the fee in the land in question by the deed, plaintiff's exhibit 1.

The defendants excepted to finding 12 which has to do with where the defendants reside and have owned property since 1937 with reference to the area in question. The ground of the exception is that the finding is contrary to the law and the evidence. They now say in their brief that they stated the ground of their exception, "solely for the reason that the finding was incomplete in that the defendants had no interest in the land in question until they purchased it from Hugh M. Marvin in September 1945, defendants' exhibit E." The evidence shows where the defendants have resided since 1937 and it is in accordance with the finding. Finding 19, to which no exception is briefed states that the land purchased from Marvin in September 1945 is situated westerly of the area in dispute. What they say in their brief in regard to the rights of the defendants as abutters of the land in question by reason of owning the land westerly of it, is not pertinent to this finding and will be covered by our discussion of their exceptions to other findings. They cite again the same cases as they did under their exception to finding 9. What we said there applies to them here.

■ Finding 13, which has to do with the approximate level of the new highway above that of the old pavement was excepted to, apparently because it is contrary to the evidence. The plaintiff points out evidence that sustains the finding. Furthermore, it is not pointed out how the finding is material to any issue in the case and we fail to see how it is. An exception to an immaterial finding is not for consideration. *Bagalio* v. *Hoar, supra*, 118 Vt. 384, 387, 110 A2d 719.

Findings 15 and 16 were excepted to as contrary to the law and the evidence. They both have to do with the construction of the new highway to effect a slope from the westerly shoulder of the new pavement to a drainage ditch extending along the westerly side of the 3 rod strip in question and westerly of the old road and that it was so constructed as a part of the

drainage system for the new highway and that a proper drainage system was an important and integral part of the construction and that utilization of a part of the area in question was necessary for such a system. The plaintiff points out in its brief evidence that reasonably supports these findings. It is not necessary to repeat it here. An examination of the evidence on our own part satisfies us that there is such evidence. Furthermore, it is common knowledge from observation that, in this climate, proper and sufficient drainage is necessary in the construction and maintenance of highways, particularly the present hard surface and much travelled ones.

Finding 17 reads in part, "Upon the discontinuance of the old highway for through traffic purposes and subsequent to the opening of the new highway," The defendants in their brief state that they "now limit their exception to the word 'through' in which the chancellor states 'for through traffic purposes' and do waive the remainder of the exception as then taken." The exception so limited is not now available to them. Finding 14, to which an exception was taken but not briefed and so waived states, "That upon completion of the new highway, the old highway was discontinued for through-traffic purposes."

█ Finding 18 is as follows, "The area here in question graded down to the ditch heretofore mentioned could be and was available to the general travelling public for parking purposes and off-highway usage." The exception to it is on the ground that it is contrary to the law and the evidence. There was ample evidence showing that after the road was relocated and before the defendants graded and filled the land and placed used automobiles thereon, it was available and used for parking and for trucks to drive off the travelled highway. The defendants say in their brief that they find "nothing in law that allows the plaintiff the right to keep this land 'for parking purposes and off-highway usage'." There was evidence that the present practice in highway construction is to provide, wherever possible within the right of way of the road, areas where vehicles may get off the pavement to rest, change a tire or for any reason that they may wish to get off the pavement. It is common knowledge to one who travels on the main

and much travelled highways that areas where vehicles may pull off the travelled portion of the highway are used many times. Here the findings show this to be a much travelled highway between two cities and also a U. S. Route. Though off the shoulder of the travelled way, the city owned the land in fee. We hold as a matter of law that under the circumstances shown by the findings, it was a proper highway use to provide an area for parking purposes and off-highway usage. The area in question is still a part of River Street and subject to highway use as such, although not available for through traffic. This also disposes of the remaining part of the exception to finding 6.

Finding 19 states that by warranty deed dated Sept. 22 1945 (plaintiff's exhibit 2) the defendants acquired certain land and premises from Hugh M. Marvin situated westerly of the area in question. It then sets forth the deed in full. This finding stands as the defendants do not brief their exception thereto.

Then follow findings 20 and 21 which have to do with the deed in question and which were unexcepted to. Finding 22 reads as follows,- "The acquisition of this property by the defendants described in the Marvin deed (plaintiff's exhibit 2) resulted in defendants becoming abutting owners of the old road area on the west and they base their claim in a large measure, if not wholly, on the right they allege is given them by §5098 of V. S. 47 as owners of land adjoining the area in question on the west."

The defendants excepted to that portion of finding 22 which reads as follows,- "and they base their claim in a large measure, if not wholly, on the right they allege is given them by §5098 of V. S. 47 as owners of land adjoining the area in question on the west." In their exception they state, "The defendants except especially to that part of the charge (sic) where the chancellor finds * * * 'on the right they allege is given them by §5098 of V. S. 47' for there does not exist any such allegation as made by the defendants."

In paragraph 3 of their answer the defendants state that they purchased from Hugh Marvin on Sept. 22, 1945, a piece of land, "which abuts the land now in dispute" and in para-

graph 8 of the answer they say "that all of the discontinued and abandoned road now existing between their land and the relocated highway, as the same abuts their land, is by right of law their property, * * * that the 'filled-in' land abutting their property is their sole property and that they have all right and title in said land by reason of the law found in Vermont Statutes, §5098." In their cross-bill, the defendants set forth in full the deed from Hugh M. Marvin to them dated Sept. 22, 1945. Then in paragraph (B) thereof, they say that by reason of said deed they are the owners in fee "of the land abutting the discontinued and abandoned highway and that as such abutters they succeeded to the rights, title, benefits and interest of the said Hugh M. Marvin as set forth in Vermont Statutes, §5098." They then quote that section. In paragraph H of the cross-bill they state "that they as abutting owners had and have a right in said abandoned and discontinued road."

It, therefore, appears without question that the part of finding 22 to which the defendants except is in accordance with the claim made by them in their pleadings and that such allegations do exist.

In their brief, under this exception, the defendants now claim that by the Marvin deed to them the easterly boundary of that land is the new and relocated road. The answer to this is two-fold. (1) They did not so claim in their pleadings, but there claimed that it abutted on the old and discontinued highway. (2) Finding 21 to which they did not except and that part of finding 22 to which they did not except state that by the Marvin deed the defendants became abutting owners of the old road area. These findings are conclusive against them on this point. The case is controlled in this Court by the facts found. *Conn Boston Co.* v. *Griswold*, 104 Vt 89, 99, 157 A 57.

In this connection, the defendants also brief an exception to the exclusion of a mortgage deed given by the defendants to Marvin which they claim shows it was the intention of the parties that the land described in the Marvin deed to the defendants is bounded by the new and relocated highway.

There was no error in the ruling. It was inadmissible, if for no other reason than because such evidence was not within the scope of the pleadings.

What we have said under the exception to finding 22 disposes of the exception to finding 23 wherein it is found that the land described in the Marvin deed (plaintiff's exhibit 2) by metes and bounds does not encompass by description the old road in controversy here.

Findings 24, 25, 26, 27, 29 and 31 state in substance that the defendants requested permission of the plaintiff's street commissioner and city engineer to place a culvert in the ditch on the westerly side of the old highway so they might build a ramp across the ditch to facilitate ingress and egress to their land purchased from Marvin and that conditional permission was granted; that the defendants bulldozed some of the land purchased from Marvin onto the area in question, which resulted in filling the drainage ditch on the westerly side of the old highway; that the filling, bulldozing and grading was done after the defendants knew or should have known that the plaintiff claimed title to the land and had not abandoned it by reason of the relocation of the new highway; that the defendants placed old used automobiles in the area and continued to use it for the storage of old used automobiles; that the street commissioner and city engineer of the plaintiff informed the defendant, DuBois B. Bennett that he was encroaching on city property; that the plaintiff city, following the relocation of the highway, graded the area, kept the drainage ditch open, removed snow from a portion of it; that the defendants in 1949 discussed with the plaintiff's officers the ownership of the land, was informed that the plaintiff claimed ownership of it and notwithstanding this claim, the defendants continued to utilize it for their own purposes.

These findings are excepted to as against the evidence and the law. The defendants do not seem to contend seriously in their brief that they are against the evidence. They could not very well do so. We have examined the evidence quoted or referred to in the plaintiff's brief and that of the defendants and in order that no injustice might be done we have made a careful examination of the record. It is unnecessary to set

forth or summarize herein the evidence pertaining to these findings. We are satisfied that the evidence sustains them.

The defendants claim that the findings are contrary to law because the plaintiff, after the highway was relocated, had no title or interest in the area comprising the old highway and no right to control it. They repeatedly cite the cases from this jurisdiction beginning with *Pettibone* v. *Purdy*, 7 Vt 514 and ending with *Abel* v. *Central Vermont R.R. Co.*, 118 Vt 189, 191, 102 A2d 847 which we have previously mentioned. They cite them to the point that the only right the plaintiff had in the old highway was an easement for public travel or right of way over it and that the owner of land over which a highway is established retains the fee. These cases do not apply here. There is nothing in the record which shows that the old highway was laid out and established within the meaning of those cases. On the contrary, the plaintiff city acquired the land in question by deed. It became the owner of the fee in the land by that deed. *In Re Opinion of The Justices*, 297 Mass 559, 8 NE2d 179, upon which the defendants rely does not apply. That opinion has to do with highways that have been laid out and in which the public have the right of passage for the purpose of travel only and the fee remains in the owner of the soil over which the highway passes.

Nor does V. S. 47, §5098 apply as claimed by the defendants. That section provides that when a highway is discontinued it shall be set to the owners of the adjoining lands. There is nothing here to show that the old highway was officially discontinued within the meaning of that section. True, the findings state that upon completion of the relocated highway, the old one was discontinued for through-traffic purposes. From the evidence upon which that finding is based and from the other findings, it is plain that the chancellor meant that it was no longer available for through traffic. It was still a public highway for the general travelling public to use for parking purposes and off-highway usages and the utilization of part of the area was necessary for a proper drainage system for the relocated highway. As we have said before, the area in question, was still a public highway and a part of River Street as it was before the change.

The defendants repeatedly cite and rely upon the case of *Clossom* v. *Hamblett*, 27 Vt 728. It does not avail them here. There a highway was straightened with the consent of the land owner. It is apparent from the opinion that there was only an easement in the highway for public use. It was held that the act of making the changes discontinued the old highway. But the Court said that these changes were not such as to really constitute a new highway, but were really the old highway with such slight deviations as did not destroy its identity. The question there was if "the town are bound by the deviation" and if the public are at liberty to use it. Furthermore the opinion shows that this Court as then constituted was not unmindful of circumstances that might involve the necessity of the use of portions of the old highway, for we find this sentence in the opinion, "And, if the alteration supersedes the necessity of the use of any portion of the road it is discontinued, of course, by the act of opening a substitute." That is not the situation here. The construction, maintenance and use of highways must keep abreast of new methods and conditions as they arise and develop, the demands and requirements of the public, changes in the mode of conveyance and the amount and kind of use. Here it appears from the findings that the area in dispute, a portion of the old highway, was still necessary for use according to present day standards and requirements. It is still a part of the highway.

The defendants cite both the U. S. and the State constitutions and claim that they are being deprived of their property without due process of law. This is but a reiteration of their claim that they own the land subject to an easement. We have already disposed of that claim.

Citing the constitutions again, they claim that they are being deprived of ingress and egress to their land bordering the area in question on the west and that this is a property right. No constitutional question is involved. If we assume, without so deciding, that an opportunity for ingress and egress is a property right, the defendants have not been deprived of it. The area in question is still a part of the public highway upon which their land borders the same as it did before. The only change is that the area is not now available for through

traffic. There is nothing in the findings which shows that the plaintiff has done anything to deprive the defendants of ingress and egress to the area from their land.

Finding 32 has to do with the necessity of the area for proper drainage purposes and for general utility purposes and that by reason of the acts of the defendants in placing filling over it and storing used automobiles on it, the area was no longer available for traffic use of any kind and the system of drainage designed by the road engineers and constructed at the time of the relocation is wholly inefficient. The finding is excepted to as contrary to law and the evidence. This finding is largely covered by findings 16 and 18 that we have already discussed. There is evidence to sustain the finding. In connection with the finding being contrary to law, the defendants cite the same cases and make the same claims that upon a discontinuance of a highway the land belongs to the abutting owners. We can add nothing to what we have already said herein about the rights of the plaintiff and the defendants to the land in question.

We have now considered all of the exceptions to the findings that are briefed. The result is that none of them are sustained.

■■ The defendants have briefed a general exception to the decree. This raises the question whether the decree is warranted by the pleadings and supported by the findings. *LaPlante* v. *Eastman*, 118 Vt 220, 228, 105 A2d 265, and cases cited.

The decree orders, adjudges and decrees by paragraph 1 that the plaintiff, City of Montpelier, acquired title in fee to the strip of land 3 rods in width by quit-claim deed from the Marvins dated Nov. 8, 1926 and in paragraph 2 states that this land is now owned by the city and follows that with a particular description of the area in question. It is apparent from what we have said that those paragraphs of the decree are warranted by the pleadings and supported by the findings.

Paragraph 3 of the decree permanently enjoins the defendants from occupying or using the land described in paragraph 2 or from molesting or interfering with the plaintiff in its use and occupancy of the land and it orders the defendants to remove their motor vehicles or parts thereof from the land before the expiration of 30 days commencing with the date the

decree becomes final. It is apparent that this paragraph of the decree makes the injunction too broad. It prohibits the defendants from occupying or using the land in question. It is a part of the highway and they are abutting land owners. They have the right of reasonable ingress and egress over it as a part of the highway in order that they may reach the travelled part of that highway. The injunction should be modified to that extent.

■ The cross-bill seeks affirmative relief but no notice is taken of it in the decree below. The cross-bill should be dismissed and the decree made to include it. *Ellinwood* v. *Ellinwood*, 91 Vt 134, 138, 99 A 781.

■ We have disposed of the case on its merits which we prefer to do. For cautionary purposes and again to call the attention of the bar to it, we reiterate what we had occasion to say not too long ago. The only mention of an exception to the decree in this case is in the bill of exceptions which is not sufficient. See *Baker* v. *Koslowski*, 117 Vt 124, 129, 85 A2d 500.

Paragraphs 1 and 2 of the decree are affirmed. The cause is remanded with directions that a new decree be drawn modifying the injunction granted in paragraph 3 in accordance with the views expressed herein and that an additional paragraph be added dismissing the cross-bill. Neither party is to recover their costs in this Court.

## On Motion for Reargument

**Adams, J.** The defendants claim in their motion that this Court was in error in considering their exception to finding 9 and construing the deed, plaintiff's exhibit 1, as conveying to the plaintiff the title in fee to the land in question, instead of conveying only an easement therein. They say the opinion states that the parties "agreed 'that the plaintiff acquired title in fee to the area in dispute by the deed'." The opinion does not so state. The whole opinion shows that the rights acquired by the deed were the very essence of the dispute. The opinion at the place questioned by the defendants simply states that the chancellor meant by the finding that

the plaintiff acquired title in fee and that the parties so treat the finding.

The defendants now claim that the deed in question was a release although in the form of a deed because of the wording of the third paragraph following the particular description of the land in question. They now call attention to three pages in their brief pertaining to their exception to part of finding 9. They did not therein specifically call attention to the paragraph now relied upon. They did in one sentence only mention that the plaintiff obtained a full release and discharge. In considering finding 9 which set forth the deed in full and the defendants' exception to a part thereof, we did not fail to consider the entire deed. It is plain that the paragraph now relied upon did not limit the grant of the land specifically described in the first paragraph of the deed as subsequent paragraphs granted additional rights for fills, culverts and other works and structures adjacent to the land particularly described.

The defendants now rely upon *Robinson* v. *Missisquoi R. R. Co.*, 59 Vt 426, 10 A 522. They did not cite or rely upon it in their original brief. We cited the case in the opinion. We stated that this Court there held that the deed in question in that case conveyed only an easement and distinguished that deed from the one in the instant case because the deed in that case contained in the description of the land certain qualifying words. We see no reason to change our opinion in that regard.

The defendants also claim in their motion that the opinion deprives them of ingress and egress and other valuable property rights. They say that a piece of land is much more valuable when it adjoins a throughway than when it is 49½ and 24 feet from the travelled highway and behind a general parking lot. The land in question between their land and the now travelled highway is not to be used for a general parking lot. It is to be used only for parking in connection with off-highway usage. The opinion does not leave it as they claim. The defendants' right of ingress and egress is protected by the order in the opinion for a modification of the injunction so that they have the right of reasonable ingress and egress to

the travelled part of the highway. See *Nelson* v. *State Highway Board*, 110 Vt 44, 53-54, 1 A2d 689, 118 ALR 915.

The trouble with the defendants' position is that their whole case is based upon the false premise that the plaintiff had only an easement for public travel over the land in question rather than title in fee.

The present motion calls to our attention no material question that has not received careful consideration in arriving at the conclusion which we have announced, and which we see no reason to alter.

*Motion for reargument denied. Let full entry go down.*