HENRY RICE,

*vs.*

STOGDEN SMALL.

*New Castle, April T.* 1819.

A party having been arrested under an attachment for contempt and having on his examination, under interrogatories, denied the contempt, *querè*, whether a commission can be taken out to prove the contempt?

Interrogatories filed under an attachment for contempt should be entitled in the name of the State as the prosecutor, and not of the party on whose application the attachment issued.

ATTACHMENT FOR CONTEMPT.—An injunction to stay waste had been issued and served. Upon an affidavit of service and of a breach of the injunction, an attachment for contempt issued, under which the defendant was brought into court. Being examined on interrogatories, he denied the contempt, unequivocally negativing every interrogatory.

*McLane*, for the prosecutor, then moved for a commission to prove the contempt.

The Chancellor suggested a doubt whether, after the defendant had purged himself of the contempt, witnesses could be examined to prove it.

Mr. *McLane* stated that witnesses had heretofore been examined in other cases at the bar of this Court ; and he read from 1 *Harrison's Ch. Pr.* 201–2, that a commission may be taken out to prove a contempt.

THE CHANCELLOR.—The examination of witnesses heretofore has been by consent. However, let a commission go, *at the peril of the party prosecuting.* The defendant, Small, is allowed to go at large, without any bond not to depart (1 *Harrison's Ch. P.* 202), so that the sheriff may have it in his power to bring him in at the next Term on this same writ, he still being supposed to be in the custody of the sheriff.

*Note.*—In this case, at the suggestion of the Chancellor, the title of the interrogatories were amended so as to stand in the name of *the State of Delaware vs. Stogdon Small.*

In a previous case of attachment for contempt, viz : Tatem and Canby vs. Joshua Gilpin and Thomas Gilpin, in which the interrogatories were entitled in the name of the parties (Ridgely's notes, 1817, p. 229) the Chancellor makes this note, viz : " *Quere.*—Is the title of these interrogatories right ? Ought they not to have been,--*The State vs. Joshua Gilpin and Thomas Gilpin.* Motions and affidavits for attachments in *civil suits* are proceedings on the civil side of the Court, *until the attachments issue* and are to be entitled with the names of the parties. But as soon as the attachments issue the proceedings are *on the criminal side. United States vs. Wayne, Wallace's C. C. Rep.* 134. See *Tidd's Prac.* 142 : 3 *T. R.* 133, 253 : 2 *T. R.* 643 : 6 *T. R.* 640 : 7 *T. R.* 439, the cases cited in Wallace."