JESSUP & MOORE PAPER COMPANY *v.* PETER J. FORD.

New Castle, March Term, 1895.

Attachment for contempt — practice; Injunctions — practice.

1. A person cannot be punished for the performance of an act which is prohibited by an order or decree of the court which has never been published.

2. To enjoin or restrain a party from committing an act which in itself would not be injurious to the party complaining, would be an improper exercise of this extraordinary power of this court.

3. On attachment for contempt for not obeying an injunction, where the evidence on both sides is so strong and irreconcilable as to raise a grave doubt, the rule will be discharged.

ATTACHMENT FOR CONTEMPT.— Rule to show cause why Peter J. Ford should not be punished for contempt in consequence of an alleged violation or breach of an injunction.

John Biggs and H. H. Ward, for defendant.

Mr. Biggs moved that the rule laid against Peter J. Ford, to show cause why he should not be punished for violation of this injunction, be dismissed on the ground that Peter J. Ford cannot be punished for violation of this injunction, because the property which he owned at the time the injunction was issued, that is, the property concerning the operation of which the injunction was is-

sued, is not at the present time owned by Peter J. Ford, but by the Ford Morocco Company.

Obligations of an injunction will not usually be extended to persons who are not named in the writ, and they will not be liable for a breach of a mandate which is not directed to them. Beach on Injunctions, §§ 261, 268; High on Injunctions, § 862; Iveson v. Harris, 7 Ves. Jr. 251; Standard Stock Farm v. National Trotting Association, 9 N. Y. Supp. 898, 907; Mexican Ore Co. v. Guadloupe, 47 Fed. Rep. 351; Van Zandt, Trustee, v. Argentine Mining Co., 2 McCrary, 642.

A violation of an injunction by one person, although practically not in interest with another person, will not be construed as a violation on the part of the person charged. Boyd v. State, 19 Neb. 128.

An injunction running against the owner or proprietor of a property cannot be enforced against an assignee or lessee of the property. This case shows strictness of construction and application of injunction. Buhlman v. Humphrey, 53 N. W. Rep. 318.

One, not a party to a suit in such an injunction as issued, and to whom such injunction is not directed, cannot be held in contempt, or be punished for violation of the writ, although the act prohibited be illegal in itself. Barths v. Larquie, So. Rep. 80.

Where, upon contempt proceedings, it appears the conditions have changed and there is doubt about the violation of the injunction by the defendant under such changed conditions, the court will not try such new issue upon such contempt proceedings, but will remit the complainant to a supplemental bill. 1 Beach on Injunctions, § 264.

E. G. Bradford, L. C. Bird, and W. Saulsbury, *contra.*

To render one liable for a violation of an injunction, it is not necessary that he should have actually committed the breach in person; anyone who is present, aiding and abetting in the commission of the act, or who permits it to be done in his presence and without remonstrance, is himself guilty of an actual breach of injunction and will be punished accordingly.    And it is to be observed that the violation of the spirit of an injunction, even though it strictly may not have been disregarded, is a breach of the mandate of the court.    An injunction is to be obeyed according to its spirit.    High on Injunctions, §§ 861, 866; Rapalje Contempts, §§ 40, 42, 45; Kerr on Injunctions, 646; Mayor, Aldermen, etc. v. N. Y. & S. I. Ferry Co., 64 N. Y. 622.

An injunction cannot be violated indirectly.    In re Tift, 11 Fed. Rep. 463; Iowa Barbed Wire Co. v. S. B. W. Co., 30 id. 123; Stinson v. Putnam, 41 Vt. 238; Cook on Stockholders, etc., § 756; Wells, Fargo & Co. v. Oregon Ry. & Nav. Co., 19 Fed. Rep. 20; Morton v. Superior Court, etc., 64 Cal. 496; State of Montana v. Fourth Judicial District Court, 34 Penn. St. 39; The Society, etc. v. Distilling Co., 42 Fed. Rep. 96.

WOLCOTT, CHANCELLOR.— I propose now to announce my decision — not opinion — in the case of the Jessup & Moore Paper Co. v. Peter J. Ford.

Perhaps the magnitude of the interests involved in this case and the great skill and ability with which it was conducted by counsel on both sides, would seem to demand a more elaborate treatment of the subject than

the mere decision either discharging the rule or making it absolute; but I have determined to decide or dispose of the matter upon the evidence submitted entirely, without reference to the legal propositions that were raised at the threshold of the hearing of this rule.    My decision will be a conclusion of fact and not of law, which makes it unnecessary to prepare an extended opinion.

To have prepared an opinion involving a complete review of the testimony would have entailed an amount of labor which I did not care to undergo.    In fact, I was not able to do it if I had been so disposed.

On the 24th day of November, 1886, an injunction was issued, directed against Peter J. Ford, Thomas Ford and Thomas F. Ryan.    Last spring — some time last April, I believe — a rule was laid upon Peter J. Ford to show cause why he should not be punished for contempt in consequence of an alleged violation or breach of the injunction issued in 1886, Peter J. Ford being the only survivor of Thomas Ford and Thomas F. Ryan, deceased.    At the hearing of the rule, a motion was made to dismiss the rule upon the ground that the factory had become the property of, and was operated by a corporation known as, the Ford Morocco Company, and was not the property of Peter J. Ford, nor was it under his control.    That was the basis of the motion.

At the conclusion of that argument, and before any further step was taken, an amended injunction had been discovered and presented to the court for its consideration in determining that preliminary question.

Now, I do not propose to decide that question one way or the other.    I propose to decide this case upon its merits as disclosed by the facts in this case.    If I attempted to

so decide it, I should be confronted with this difficulty: The late Chancellor Saulsbury evidently thought that Peter J. Ford, as an individual, could not be punished for contempt under the original injunction; and the fact that he signed an amended injunction is proof that there was present in his mind a doubt as to the power of the Chancellor to thus punish him under the changed conditions; that is, the transfer of the property to the corporation.

If the amended injunction was necessary in order to punish Peter J. Ford, or the corporation of which he was a member, then there could have been no violation of this amended injunction, because it had never been published or made known.    He had no knowledge of it, and certainly a man cannot be punished for the performance of an act which is prohibited by an order or a decree of the court which has never been published.

As I said before, I do not propose to decide that question.    I shall dispose of this case entirely upon its merits and leave the question of law untouched.    I shall do that very briefly.

There was very strong testimony on the part of the complainant that Peter J. Ford was guilty of a violation of, or a breach of, this injunction, and if the case had depended upon the testimony of the complainant he certainly would have been proven guilty.

But Peter J. Ford met that testimony with evidence quite as strong, if not stronger, showing his innocence.

I believe it was conceded on both sides that, unless some damage or injury resulted to the complainant because of the discharge of fluid, liquid, or any other matter from that factory, or otherwise, he could not be held

guilty.   This is undoubtedly true, for to enjoin or restrain a party from committing an act which in itself would not be injurious to the party complaining would be an improper exercise of this extraordinary power of the court.

As I have already said, there is strong testimony on both sides, and in the presence of such a decided conflict of testimony, which is entirely irreconcilable, how can any mind escape doubt — a serious and grave doubt — that this defendant is guilty of a breach of the terms of that injunction, assuming now that Peter J. Ford, though not the owner of this property, can be guilty of a contempt?

In view of the fact of this grave doubt existing in my mind, it is utterly impossible for me to decide that Peter J. Ford is guilty of any contempt.   There is a serious doubt in my mind, and that doubt must control, because of the consequences that would follow; and there being such a doubt, the defendant in this case is entitled to the benefit of that doubt, and I so decide.

This rule must be discharged.