THE STATE OF DELAWARE,

*vs.*

SAM NOURIS, LEON VOUROS, HARRY VIOLLIS and FRANCIS FORD.

*New Castle, Feb. 4, 1927.*

*David J. Reinhardt* and *William Prickett*, for the State.
*Percy Warren Green*, for defendants.

THE CHANCELLOR. No question is raised by the defendants, concerning the issuance of the restraining order and its service upon them. The sole defense they make to the contempt charge is that they did not commit any acts which can in anywise be said to constitute a violation of the terms of the order.

The language of the order upon which the solicitors for the State rely as having been shown by the evidence to have been violated is, as follows:

"You * * * are hereby restrained from * * * in any manner

"(a)   Coercing or compelling or attempting to coerce or compel by any species of threat, intimidation, fraud or violance, any employe of said complainants, now or hereafter in the employ of said complainants, from carrying on or performing their several duties within the scope of their several employments; and

"(b)   From preventing or attempting to prevent by any species of threat, intimidation, force, fraud, or violence, any person or persons from entering in the employment of said complainants, or from continuing therein; and

"(c)   From in any manner preventing or attempting to prevent by any species of threat, intimidation, fraud, force, or violence, patrons or prospective patrons of said complainants, from trading with or transacting business with said complainants; and

"(d)   From harassing or annoying said patrons or others in or near the restaurant of said complainants, with loud talk, insults, gibes and jeers or language importing the same."

The sort of contempt which is charged against the defendants in this case is a criminal contempt. *State v. Gilpin & Gilpin*, 1 *Del. Ch.* 25. The defendant against whom such a contempt proceeding is directed is—

"entitled throughout to such of the substantial rights of a person accused of crime as are consistent with the summary nature of the proceeding and the processes of the forum in which it is administered." *Staley v. South Jersey Realty Co.*, 83 *N. J. Eq.* 300, 90 *A.* 1042, *L. R. A.* 1917B, 113, *Ann. Cas.* 1916B, 955.

Among the rights to which persons accused of crime are entitled are the presumption of innocence in their favor and the establishment of their alleged guilt beyond a reasonable doubt. And so it has been said by the Supreme Court of the United States in *Gompers v. Buck's Stove & Range Co.*, 221 *U. S.* 418, 31 *S. Ct.* 492, 55 *L. Ed.* 797, 34 *L. R. A. (N. S.)* 874, that—

"It is certain that in proceedings for criminal contempt the defendant is presumed to be innocent, he must be proved to be guilty beyond a reasonable doubt."

The question of the degree of proof necessary to be shown before a defendant can be adjudged guilty of a criminal contempt has never been determined in this State. The nearest approach to the question in our own reported cases is found in *Jessup & Moore Paper Co. v. Ford*, 7 *Del. Ch.* 226, 44 *A.* 778, where the Chancellor discharged a rule to show cause for the reason that the evidence raised what he called a "serious doubt" in his mind as to the alleged contemner's guilt. This case does not undertake to lay down a general rule upon the subject. Not only is it not inharmonious with, but it is rather consistent with, the rule requiring proof beyond a reasonable doubt as announced by the Supreme Court of the United States in the *Gompers Case*. The same rule prevailed in the Federal Courts before the *Gompers Case* arose (*Accumulator Co. v. Consolidated Electric Storage Co.*, [*C. C.*] 53 *F.* 793; *Bullock, etc. Co. v. Westinghouse, etc., Co.*, [*C. C. A.*] 129 *F.* 105, *certiorari* denied 194 *U. S.* 636, 24 *S. Ct.* 859, 48 *L. Ed.* 1160), and is quoted with approval in the New Jersey case of *Staley v. South Jersey Realty Co.*, *supra*. A different rule appears to prevail in Illinois where a charge of contempt for breach of an injunction is held to be supported by a mere preponderance of evidence. It seems to me, however, that the requirement of proof beyond reasonable doubt should be exacted before a charge of criminal contempt can be successfully maintained. Such a view is consonant with the general principles applicable to prosecutions for crimes, in which category a charge of criminal contempt falls, and in principle must have been accorded recognition in the *Jessup & Moore Case* above referred to, where, it is to be noted, the Chancellor in passing on the evidence before him had regard only to the doubts suggested by it and made no attempt to weigh it in search for its preponderance.

In passing on the guilt of these defendants, I therefore shall proceed on the principle that the evidence must show them to be guilty beyond a reasonable doubt, before they can be held punishable. (The Chancellor then proceeded to review the evidence in detail and announced his conclusions therefrom that Nouris was guilty of the contempt charged and the other two defendants were

not guilty. With respect to one phase of the contemptuous acts of which Nouris was found guilty, it was argued that Vouros must be found equally guilty as an accessory. Upon this point the Chancellor's opinion was as follows:)

But this is not the only respect in which Nouris has manifested a contemptuous disregard of the restraining order. It is shown to my mind beyond a reasonable doubt, that he has been guilty of using insulting remarks and gibes at patrons of the restaurant. The witnesses Skelton and Mongello who, so far as the record shows, are totally disinterested, convince me of this. It is argued that in this particular the defendant Vouros is shown to have been equally guilty with Nouris because of the fact that he was in company with Nouris when the latter uttered his insulting and gibing remarks to which these witnesses testified. This amounts to saying that if Vouros was present with Nouris he must be held to be an accessory to all that the latter said or did. Now a sufficient answer to this contention is this—that merely being in company with a man will not, in the absence of something indicating a participating purpose, make one guilty as an aider and abetter of all that his companion does or says. There is nothing to show but that Vouros was as ignorant of Nouris' intentions and purposes as any other person on the street. I do not think it would be permissible to hold him responsible for Nouris' conduct under such circumstances as these.

Nouris was fined twenty-five dollars and costs, amounting to the sum of one hundred and ninety dollars, and in default of payment thereof was committed to the workhouse for thirty days and Vouros and Viollis were discharged as not guilty.