STATE OF DELAWARE,

*vs.*

ASHER W. BAKER.

*New Castle, Dec.* 18, 1933.

*James R. Morford,* of the firm of Marvel, Morford, Ward & Logan, for Philadelphia Dairy Products Co.

*Robert G. Houston,* for defendant.

THE CHANCELLOR, delivering his opinion orally, concluded that the contempt was not made out. He held that the terms of the injunction were to be understood as the terms of the covenant were to be understood; that the purpose of the covenant was to be considered as being for the

protection of the business which had been sold, to assure it from recapture by the defendant either in whole or in part, and that therefore any work the defendant did for the U-N-Joy Company, even though he was paid for it, so long as he was not one of its proprietors, could not be said to have been in violation of the covenant nor of the injunction, if those acts could not in any sense have impaired the petitioner's full enjoyment of the business and good-will it had purchased. That that is the principle of the cases of *Sternberg v. O'Brien,* 48 *N. J. Eq.* 370, 22 *A.* 348, and *Owl Laundry Co. v. Banks,* 83 *N. J. Eq.* 230, 89 *A.* 1055, which the Chancellor cited and expressed himself as endorsing. The acts of the defendant in repairing the refrigerating plant, he said, fell in this category.

He further observed that the covenant did not prevent the defendant from gratuitously advising an ice cream dealer upon the sort of ice cream to handle, even though the recommended product came from a competitor of the petitioner, or from rendering a gratuitous service in assisting Lynch on one or two occasions with his books. His activities in these directions were not exerted in a business sense at all, which is what the covenant contemplates. It was also held by the Chancellor that the circumstantial evidence relied upon to show that the defendant was interested in some way as owner, or proprietor of the U-N-Joy business did not establish it. Contempt, he held, is criminal in its nature, and the evidence to support it must be free from reasonable doubt. *State v. Nouris, et al.,* 15 *Del. Ch.* 282, 136 *A.* 887; *Jessup & Moore Paper Co. v. Ford,* 7 *Del. Ch.* 226, 44 *A.* 778. He was unable to say that the rather slender set of circumstances offered to show proprietorship of some sort, in face of the positive evidence to the contrary, left him free from any reasonable doubt as to the defendant's guilt. In fact, he felt some hesitancy in saying that he had any reasonable doubt under the evidence as to the defendant's innocence.

He concluded, therefore, that the charge against the

defendant of being engaged in a business as proprietor was not sustained; that as to any work the defendant did for hire, it was not such as fell under the ban of the covenant or of the injunction; and that as to any little gratuitous assistance or advice he gave to any one, it was not given in the course of being engaged in a business.

The rule was therefore discharged with costs on the petitioner.