STATE *v.* GREEN MOUNTAIN POWER CORPORATION.

November Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 14, 1942.

*Reginald T. Abare,* State's Attorney, for the State.

*George L. Hunt* (*Homer L. Skeels* of counsel) for the respondent.

STURTEVANT, J. This is a criminal case in which the State charges the Green Mountain Power Corporation with the crime of manslaughter. The respondent demurred to the indictment. Upon hearing and consideration of the demurrer the court below entered the following judgment. "Demurrer sustained, respondent discharged and exceptions allowed the State."

In this Court the respondent has moved the dismissal of the State's exceptions upon the following grounds: The exceptions were taken by and allowed to the State without lawful right and they present no questions for the consideration of this Court. This being a criminal case the State's exceptions are with-

out force unless they are authorized by an express and valid statute. *State* v. *Felch,* 92 Vt 477, 481, 105 A 23.

The statute relied upon by the State as authorizing these exceptions is as follows:

> P. L. 2425. "Questions of law decided against the state by a county or municipal court in a prosecution by complaint, information or indictment for a felony or misdemeanor, shall, upon exceptions taken by the state, be allowed and placed upon the record before final judgment; and, when so taken and allowed, such court may, in its discretion, pass the same to the supreme court before final judgment. The supreme court shall hear and determine the questions upon such exceptions and render final judgment thereon, or remand the cause to such county or municipal court for further trial or other proceedings, as justice and the state of the cause may require."

■ When a respondent is brought before a county or municipal court to answer to a charge of having committed a crime and that court enters a judgment discharging him, the case is thereby terminated because the respondent is no longer before the court. All law questions raised during the proceedings are thereby rendered moot. That the legislature had this in mind when P. L. 2425 was enacted clearly appears from the wording of that statute.

Thus we come to the question: Is the judgment entered by the county court a final judgment?

■ A final judgment is one which puts an end to the suit. Bouvier's Law Dictionary; Rapalje's Law Dictionary; Black on Judgments, Sec. 21; 33 C. J. 1061, Sec. 18; *Leonard et al.* v. *Sibley, Admr.,* 76 Vt 254, 258, 56 A 725.

■ When the county court rendered a judgment discharging the respondent it thereby put an end to the proceedings there because the respondent was no longer before the court. *Bloss* v. *Kittridge,* 5 Vt 28, 31.

As to the proceedings below, no questions of law were presented to this court before final judgment was entered there. Under the provisions of P. L. 2425 questions of law raised by the State's exceptions must be passed to this Court before entry

of final judgment in the court below. It follows that the respondent's motion must be granted and *the State's exceptions are dismissed*.