## State of Vermont v. Warren R. Austin, III

[108 A2d 401]

May Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed October 5, 1954.

*Kenneth P. Akey,* Grand Juror, for the State.

*Edmunds, Austin & Wick* for the respondent.

**Jeffords, J.** The respondent was charged with violating the provisions of V. S. 47, §10, 291, i.e., leaving the scene of an

accident. There was a trial by jury with a resulting verdict of guilty. The respondent moved that the verdict be set a-side. This motion was granted and a judgment of not guilty was entered with exceptions to the State. A bill of exceptions was filed and allowed. The respondent filed a motion in this Court to dismiss the exceptions. The case is here on this latter motion.

The grounds of the motion are, in substance, that exceptions by the State in a criminal case are without force unless taken as authorized by V. S. 47, §2456 and that the exceptions in the present case were not so authorized.

This section reads as follows:

> "Exceptions to supreme court; remand. In a prosecution by complaint, information or indictment for a felony or misdemeanor, upon exceptions taken by the State, questions of law decided against the state by a county or municipal court shall be allowed and placed upon the record before final judgment. When such exceptions are so taken and allowed, in its discretion such court may pass the same to the supreme court before final judgment. The supreme court shall hear and determine the questions upon such exceptions and render final judgment thereon, or remand the cause to such county or municipal court for further trial or other proceedings, as justice and the state of the cause may require."

■ This case is governed by the statute and the construction of it in *State* v. *Green Mt. Power Corp.*, 113 Vt 34, 28 A2d 698. There is no need to repeat here all that was said in that case. As there, so it is here, when a judgment of not guilty was rendered, thereby discharging the respondent, the court put an end to the proceedings therein because the respondent was no longer before the court. Consequently the judgment was a final one.

■ As to the proceedings below, no questions of law on exceptions by the State were allowed and placed upon the record for presentation to this Court before final judgment was

entered in the court below. Under the provisions of the statute questions of law raised by the State's exceptions must be passed to this Court before entry of final judgment in the lower court.

The State contends that the entry of final judgment was inadvertent and for that reason we should remand the case for various suggested actions to be taken below. It does not appear to us that the entry was inadvertently or mistakenly made. Thus we are not called upon to decide whether relief could properly be granted if such were the case, the respondent having been discharged as a result of the judgment.

■ The State asks us to outline the procedure to be followed by it to protect its right of appeal under the statute. In cases in which the State feels that it may or will desire to present to this Court questions of law raised below it should request the trial court to withhold entry of final judgment until a bill of exceptions can be prepared and signed setting forth the claimed errors. For instance, in the present case, the State should have requested the court, in the event it decided to grant the motion to set aside, to withhold any final judgment pending the filing of a bill of exceptions. When filed and allowed then the trial court, under the statute, would have been called upon to exercise its discretion as to whether it would pass the cause to this Court before final judgment.

*The respondent's motion is granted and the State's exceptions are dismissed.*