## State of Vermont *v*. Eric H. Velander

[181 A.2d 60]

March Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed May 1, 1962

*John E. Bernasconi,* State's Attorney, for the State.

*Finn & Davis* for the respondent.

**Hulburd, C. J.** The respondent was brought to trial on an information charging him with the crime of first degree arson. Evidence for the State included a confession which was stricken from the record upon motion by the respondent at the end of the State's case. This was followed by a motion for a directed verdict of not guilty. This motion was granted. The respondent then moved that judgment be entered on the verdict. The State did not seek to have the trial court withhold this entry but merely asked that an exception be noted. Accordingly, judgment was entered on the verdict with exception to the State and the respondent was discharged.

With the record standing as we have indicated, the State thereafter filed a notice of appeal which stated "Notice is hereby given that the State of Vermont hereby appeals from the judgment and verdict of the jury in Washington County Court dated March 24, 1961 to the Supreme Court of the State of Vermont."

When the case came on for argument, the state's attorney was asked by this Court to specify the statute under which he claimed to have taken his appeal. His response is contained in his supplemental brief. He points to the new appellate procedure enacted in No. 261 of the Acts of 1959, especially to 12 V.S.A. §2382. He regards this

section as putting "criminal appellate procedure in the same category as civil." No doubt it does, so far as any given criminal action is "appealable." This section, however, is concerned generally with the technique of appeal. It sets forth the method. Boiled down, it says that in any action, civil or criminal, appealable from any court, appeal may be taken by following the procedure which it goes on to prescribe.

The state's attorney fails to recognize that the state, in a criminal case, stands in a position different from that of the ordinary appellant. The unrestricted construction that he would like cannot be reached. A lion stands in his path. That lion is variously known, or spoken of, as "former jeopardy," "double jeopardy," or "former acquittal." For a discussion of it, see *State* v. *O'Brien,* 106 Vt. 97, 103, 170 A. 98. The statutory recognition of it is to be found in 13 V.S.A. §6556.

■ The legislature, mindful of all this when it enacted the procedure act of 1959, did not repeal V.S. 47, §2456, but left it in effect as 13 V.S.A. §7403. Under this section, appeal by the state in a criminal case is restricted to one allowed by the trial court in its discretion and taken before final judgment. Moreover, the language of 12 V.S.A. §2386, a section of the new act, is so couched as to effectuate and permit the objects of the above-mentioned existing statute. As a result, the law stated in *State* v. *Green Mt. Power Corp.,* 113 Vt. 34, 28 A.2d 698 and in *State* v. *Austin,* 118 Vt. 259, 108 A.2d 401 is controlling here. With an entry of judgment of not guilty on the verdict and the discharge of the respondent, the trial court put an end to the proceedings because the respondent was no longer before the court. In such circumstances, the right of appeal ceased to exist. See 2 Am. Jur. Appeal and Error, §227. As was said in *State* v. *Carabetta,* 106 Conn. 114, 117, 137 A. 394: "The grievous injustice to the accused of acquitting him of the crime of which he stands charged and of discharging him from court and sending him out into the world a free man . . . to again become accused and to defend himself in a court in which no charge against him is in existence, and for a crime which so far as he is concerned has no existence is patently manifest,—that would be double jeopardy."

■ In the situation we have before us, even though the respondent has not moved to dismiss the appeal, we will do so of our own motion. *Fitzgerald* v. *Fitzgerald,* 95 Vt. 301, 303, 115 Atl. 99.

*Appeal dismissed.*