THE STATE OF DELAWARE, on the relation of DAVID P. BUCKSON, Attorney General of the State of Delaware, Plaintiff Below, Appellant,

*vs.*

VINCENT MANCARI, Defendant Below, Appellee.

*Supreme Court, On Appeal, September 20, 1966.*

*Stephen B. Potter,* Wilmington, for appellant.

*Sidney Balick,* of Aerenson & Balick, Wilmington, for appellee.

*Francis* A. REARDON, Wilmington, *amicus curiae.*

CAREY and HERRMANN, Justices, and WRIGHT, Judge, sitting.

CAREY, Justice: The Court of Chancery issued an injunction against the appellee barring gambling activities at 403 Madison Street in Wilmington, under the authority given by 10 *Del.C.Ch.* 71. Some time thereafter, on application of the appellant, that Court issued a rule to show cause why the defendant should not be cited for violation of the injunction. This application was under 10 *Del.C.* § 7109 which authorizes the Court to summarily try and punish such violation as a contempt, the punishment being a fine of not less than $200 or more than $1000, or imprisonment not less than three or more than six months, or both. At the hearing held on the rule, the Court refused to admit certain evidence on the basis of 11 *Del.C.* § 757 as interpreted in *Tollin v. State, 7 Terry* 120, 78 *A.2d* 810. When no further evidence was offered, the rule was discharged and appellee found not guilty. The State now seeks a reversal of the holding below concerning admissibility of that evidence. Appellee has moved to dismiss the appeal on the ground that the contempt proceeding is criminal in nature and a finding in the defendant's favor is not appealable by the State. This opinion deals only with the question of the State's right to appeal.

■■■ The Delaware cases support the general rule, as set forth in 17 *C.J.S.* 12 and 17 *Am.Jur.2d* 7, holding that a contempt proceeding, the primary purpose of which is to punish (for example, a charge of being disorderly in the courtroom), is criminal in nature. *State v. Gilpin*, 1 *Del.Ch.* 25; *Rice v. Small*, 1 *Del.Ch.* 68; *State v. Nouris*, 15 *Del.Ch.* 282, 136 A. 887; *Klein v. State*, 36 *Del.Ch.* 111, 127 *A.2d* 84; *duPont v. duPont*, 34 *Del.Ch.* 267, 103 *A.2d* 234. If the primary purpose is to coerce (for example, in the case of a wrongful refusal to answer questions before a Grand Jury), so that the "keys to the jail are in defendant's hands", the proceeding is civil in nature. See *Donner v. Calvert Distillers Corp.*, 196 *Md.* 475, 77 *A.2d* 305, cited with approval in *Klein v. State, supra.* Compare *Shillitani v. United States*, 384 *U.S.* 364, 86 *S.Ct.* 1531, 16 *L.Ed.2d* 622 and *Cheff v. Schnackenburg*, 384 *U.S.* 373, 86 *S.Ct.* 1523, 16 *L.Ed.2d* 629.

■ In the present case, the State agrees that the alleged contempt was criminal in nature and it concedes that the appellee cannot be tried again for the same alleged offense because of Art. 1 § 8 of the *Delaware Constitution, Del.C.Ann.* prohibiting double jeopardy. It

contends, however, that the rule against double jeopardy should not bar this appeal because that doctrine is not applicable to the appeal itself and would only come into play if and when the State should seek to try the appellee again on the same charge. Counsel have cited a number of cases from other jurisdictions wherein appeals from criminal contempt cases have been allowed. Some of those instances were appeals by convicted defendants and are not pertinent to the present argument. Others are based upon specific constitutional or statutory provisions permitting appeals by the prosecution in some circumstances. There is no such constitutional or statutory rule in this State.

■■ The jurisdiction of this Court over appeals from Chancery is found in Article 4, § 11(4) of our Constitution. Under it, we are empowered "[t]o receive appeals from the Court of Chancery and to determine finally all matters of appeal in the interlocutory or final decrees and other proceedings in chancery." This does not require this Court to decide cases which have become moot, or to render advisory opinions.[1] As the State concedes, the matter cannot be retried over defendant's objection. We cannot, therefore, *order* a new trial even if we should conclude that there was error below. In this situation, the case is moot. *State v. Cannarozzi,* 77 *N.J. Super.* 236, 186 *A.2d* 113; *State v. Velander,* 123 *Vt.* 60, 181 *A.2d* 60; *Commonwealth v. Haines,* 410 *Pa.* 601, 190 *A.2d* 118. Although understandable, the State's desire to obtain a decision of this Court upon the correctness of the ruling in *Tollin v. State, supra,* is not a sufficient reason to ignore our rule against determining moot cases.

Because of the foregoing conclusion, we find it unnecessary to determine a constitutional or jurisdictional question: Is § 7109 requiring punishment of not less than a $200 fine or 3 month's imprisonment, violative of the Federal or State constitutional provisions guaranteeing the right to trial by jury in criminal prosecutions?[2] This problem has arisen in our minds as a result of the recent decision in

---

1. It is noteworthy that, under T. 10 *Del.C.* § 141, requests from the Governor for advisory opinions on constitutional matters are not directed to this *Court,* but to the *Justices. In re Opinions of the Justices,* 8 *Terry* 117, 88 *A.2d* 128.

2. Generally speaking, the Delaware Constitution preserves the right to jury trial in criminal prosecutions in which the punishment exceeds a $100 fine or 30 days' imprisonment. *Del.Const.* Art. 1, § 7; Art. 4, § 28; Art. 15, § 7.

*Cheff v. Schnackenberg, supra,* and the dissenting opinions in *United States v. Barnett,* 376 *U.S.* 681, 84 *S.Ct.* 984, 12 *L.Ed.2d* 23, and *Green v. United States,* 356 *U.S.* 165, 78 *S.Ct.* 632, 2 *L.Ed.2d* 672. Whether the rules laid down in the Cheff case, *supra,* are binding upon the states, whether our State constitutional provisions require a similar result, whether the constitutional provisions for indictment or information come into play[3]—these are all matters which we do not presently pass upon, but content ourselves with noting that the problems exist. This decision is therefore not to be interpreted as a holding that § 7109 is constitutional or that the Court of Chancery has jurisdiction to impose the penalties therein provided.

The appeal must be dismissed.

---

3. *Del.Const.* Art. 1, § 4; Art. 4, § 28; Art. 15, § 7.