259 A.2d 389 (1969)
AVISUN CORPORATION, a corporation of the State of Delaware, Plaintiff,
v.
OIL, CHEMICAL AND ATOMIC WORKERS INTERNATIONAL UNION-AFL-CIO, LOCAL 8-732, Dale Casseday, Individually and as President and Member of Local 8-732, Ronald W. Conley, Individually and as Vice President and Member of Local 8-732, Miles Short, Individually and as Financial Secretary and Member of Local 8-732, Joseph McVey, Individually and as Recording Secretary and Member of Local 8-732, Edward Hughes, Individually and as Chief Shop Steward and Member of Local 8-732, John Doe, Richard Roe and all others in the classification composed of Members of said Local Union, employees of the plaintiff, who are also pickets stationed at the plant of the plaintiff corporation, Defendants.
Court of Chancery of Delaware, New Castle.
November 7, 1969.
*390 Arthur J. Sullivan and Jay James, of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.
John Biggs, III, of Biggs & Battaglia, Wilmington, and Richard Kirschner, of Wilderman, Markowitz & Kirschner, Philadelphia, Pa., for defendants.
DUFFY, Chancellor:
Avisun Corporation (plaintiff) and Oil, Chemical and Atomic Workers International UnionAFL-CIO, Local 8-732, its officers and members (defendants) are engaged in a labor dispute. On October 1 this Court entered a temporary restraining order which reads in part as follows:
"Peaceful picketing by defendants of plaintiff's Polymer Plant is not restrained, but, pending further proceedings, the defendant, its officers, agents, members, servants and all persons acting in concert with them or any of them, be and they hereby are enjoined from impeding or interfering in any way with ingress and egress by way of any entrance to the facilities of Avisun Corporation, including but not limited to, the entrances to the Film Plant, the entrances to the Polymer Plant, the entrances to the Administration Building and the construction entrance of Catalytic Construction Co. and, the roadways leading thereto and from trespassing upon the property of Avisun Corporation * * *."
The order was served and has not been modified or changed in any way; and it has not been attacked or challenged, although defendants have had full opportunity to do so.[1] And they could have moved for explicit clarification, had they wished.
Plaintiff secured a rule on defendants to show cause why they should not be held in contempt of Court for violation of the order. After notice and conference with counsel, a hearing was fixed on the rule and oral testimony was taken on October 31. At the hearing defendants did not offer any evidence. When the hearing ended the Court heard argument and then gave counsel to November 5 to file memoranda in support of their respective positions. This is the decision on plaintiff's application for a finding of contempt.
Preliminarily, I note that substantially all jurisdiction in labor disputes affecting interstate commerce has been preempted by the Federal Government. Speaking generally, state power is limited to preventing "conduct marked by violence and imminent threats to public order." Brotherhood of Railroad Trainmen v. Jacksonville Terminal Co., 394 U.S. 369, 89 S.Ct. 1109, 22 L.Ed.2d 344 (1969); Youngdahl v. Rainfair, 355 U.S. 131, 78 S.Ct. 206, 2 L.Ed.2d 151 (1957); for an excellent summary of cases dealing with jurisdiction generally and that reserved to the states, see City Line Open Hearth Inc., v. Hotel, Motel & Club Employees' Union, Local No. 568, 413 Pa. 420, 197 A.2d 614 (1964). Applying the test stated in Brotherhood, subject matter jurisdiction has been established here.
I find as a fact that the Union has violated the order of October 1. There was some testimony as to individuals, but the reasonable inference from the entire record is that picketing was done under arrangements made by the Union and that "pickets" performed the acts referred to below. Specifically, I find that the Union, through its pickets, impeded or interfered with ingress and/or egress by way of entrance to the facilities of Avisun by stopping for unreasonable periods vehicles entering and/or leaving Avisun facilities and placing nails at the entranceways to those facilities, all as described in the testimony of:
(a) Frank Pearson (relating to October 28, about 5:30 A.M., October 27, *391 about 10:15 P.M., and similar testimony relating to the finding of nails)
(b) Richard C. Rhodes and Joseph P. DeVito (relating to October 26, about 7:45 A.M., exclusive of the "nail dropping")
(c) Joseph P. DeVito (relating to October 23, about 2:50 P.M.[2])
(d) Richard C. Rhodes (relating to October 20, about 7:00 P.M. and to October 19, about 7:00 P.M.)
(e) Andrew Zimmerman (relating to October 4, about 10:00 A.M. and to October 5, about 8:00 A.M.)
(f) Charles J. Grandison (relating to October 5, about 7:45 A.M.).
Any motion to strike or reject the testimony on which the above findings are based will be denied. All other motions relating to testimony, the rulings as to which were reserved, are granted.
Clearly there have been violations of the order and in the aggregate they establish a basis for relief to plaintiff. Accordingly, Avisun is entitled to a decree finding the Union in contempt of the Court and with appropriate terms designed to insure future compliance with the order of October 1. As both parties have suggested, the decree should include a mechanic by which the Union has an opportunity to purge itself of contempt. United States v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947); State ex rel. Buckson v. Mancari, Del., 223 A.2d 81 (1966); Philadelphia Marine Trade Ass'n v. International Longshoreman's Ass'n, Local Union No. 1291, 392 Pa. 500, 140 A.2d 814 (1958). In this kind of a case, at least, the facts as to a course of conduct may be helpful in determining whether specified events are isolated instances or whether they are part of a pattern of disobedience.
I will hear counsel on the form of order to be entered on November 10 at 1 P.M.
NOTES
[1] The Court has been advised that on November 6 defendants filed a motion to modify the order.
[2] This incident occurred in Grantham Lane which I regard as being covered by the order because (a) it provides the only practical access to the Film Plant, (b) the Film Plant is specifically covered by the order, and (c) the order is not limited to private roadways. Defendants' motion to strike will be denied.