**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

FAZIO MECHANICAL SERVICES, )
INC., a Pennsylvania corporation, )
RAD SERIES OF FORTRESS )
INSURANCE, LLC, a Delaware )
series limited liability company, )
                                   )
    Plaintiffs, )
                                   )
        v.           )   C.A. No. N16C-08-119 JAP
                                   )
ARTEX RISK SOLUTIONS, INC, a )
Delaware corporation, )
                                   )
    Defendant. )
                                   )

## <u>MEMORANDUM OPINION</u>

This is a suit for money damages which the Defendant has moved to dismiss in favor of arbitration. The court finds that the matter is not ripe for determination and therefore does not present the requisite case or controversy. Accordingly, the matter will be dismissed for lack of subject matter jurisdiction.

### Facts[1]

In 2011 Plaintiff Fazio entered into an agreement with Defendant Artex wherein Artex was to provide services, including underwriting and actuarial services associated with the creation, administration and management of a captive insurance company now known as "RAD." According to the Complaint,

---

[1] The facts of this case are largely garnered from the allegations in the complaint. They are not intended as factual findings.

Artex also "provided or facilitated certain tax and accounting services . . . that may have been outside the scope of services called for in the agreement." Artex counters that its agreement with Fazio expressly stated that Artex was not providing any tax or accounting services and Artex did not provide such services.

In August 2014 Fazio and RAD were notified by the Internal Revenue Service that RAD had been "selected for examination based upon the formation and ongoing management of RAD." Fazio and RAD assert that, with respect to whatever services Artex provided, Artex was obligated to exercise due care so that the creation and operation of RAD did not violate any state or federal insurance or tax regulations. They contend that Artex is liable for, among other things, any "actual damages, special damages (including taxes and penalties) [and] consequential damages." The IRS has yet to issue any ruling concerning RAD, and so far, no taxes, fines or penalties have been assessed against either Fazio or RAD.

## Procedural History

Artex responded to the complaint by filing a motion to dismiss or stay this matter in favor of arbitration. According to Artex, its agreement with Fazio obligates both Fazio and RAD to arbitrate their claims against it. The parties' submittals in connection with this motion focused on the scope of the arbitration clause in the Fazio–Artex contract and whether that clause bound RAD as a third-party beneficiary.

At oral argument the court *sua sponte* questioned its own jurisdiction,

2

positing there does not seem to be an actual case or controversy here because nothing may come of the IRS examination, in which case neither Fazio nor RAD will have suffered any compensatory damages. All parties agree that the IRS has yet to issue any rulings. Nonetheless, they all contend that there is an actual case or controversy and both sides urge the court to assert jurisdiction.

### Analysis

It is well-settled that courts will not exercise jurisdiction over matters which are not ripe for determination. "Courts in this country generally, and in Delaware in particular, decline to exercise jurisdiction over cases in which a controversy has not yet matured to the point where judicial action is appropriate."[2] This doctrine, commonly known as ripeness, is designed to avoid premature decisions which may well result in an incorrect judgment or development of the law and also, to conserve scarce judicial resources.[3]

There is no special formula for determining whether an issue is ripe for adjudication. Rather as the Delaware Supreme Court has written:

> A ripeness determination requires a common sense assessment of whether the interests of the party seeking immediate relief outweigh the concerns of the court in postponing review until the question arises in some more concrete and final form. Generally, a dispute will be deemed ripe if litigation sooner or later appears to be unavoidable and where the material facts are static. Conversely, a dispute will be deemed not ripe where the claim is based on uncertain and contingent events that may not occur, or where future

---

[2] *Schick Inc. v. Amalgamated Clothing and Textile Workers Union,* 533 A.2d 1235, 1239 (Del. Ch. 1987).

[3] *State v. Mancari,* 223 A.2d 81 (Del. 1966); *Stroud v. Milliken Enters., Inc.,* 552 A.2d 476, 480 (Del. 1989).

events may obviate the need for judicial intervention. In this specific insurance coverage context, the plaintiff must establish a reasonable likelihood that coverage under the disputed policies will be triggered. Relatedly, our courts will decline to enter a declaratory judgment with respect to indemnity until there is a judgment against the party seeking it.[4]

The following considerations lead the court to conclude that the matter before it is not ripe for determination:

- It does not appear that litigation is inevitable. It may be that the IRS will determine that no additional tax is due[5] and no fines or penalties are in order. In such case, the instant plaintiffs will not have suffered any damages stemming from the alleged breach of contract and negligence.[6]

- The material facts here are not static; to the contrary they are extremely fluid. It remains to be seen whether Plaintiffs will suffer any damages at all as a result of the IRS inquiry and, if so, whether those damages are attributable to Artex. Put another way, the rights and obligations of the parties are not presently defined by existing static facts. Those rights and obligations ultimately turn on the IRS determination.

---

[4] *XI Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208, 1217–18 (Del. 2014) (internal quotation marks and footnotes omitted).
[5] The court hastens to add that it is not deciding that Plaintiffs will necessarily be injured if the IRS decides additional tax is due. It may well be that such additional tax was not caused by a breach of contract or negligence by Artex.
[6] At oral argument both sides contended that Plaintiffs have already suffered damages in the form of attorneys fees incurred in responding to the IRS inquiry. But the complaint does not allege any theory under which Plaintiffs would be able to recover these attorneys fees from Artex.

4

- Artex's liability for compensatory damages is contingent "upon facts that may not occur," *i.e.* future liability to the IRS.

Finally, as mentioned earlier, both sides contend that the matter is ripe for decision. But "in weighing whether the time is ripe for judicial determination, the willingness of the parties to litigate is immaterial."[7]

The court therefore holds that the matter is not ripe for judicial determination and the matter is therefore **DISMISSED** for lack of jurisdiction.

Dated: January 6, 2017

John A. Parkins, Jr.
Superior Court Judge

oc:     Prothonotary

cc:     Sharon O. Morgan, Esquire, Fox Rothschild LLP, Wilmington, Delaware
        Neil R. Lapinski, Esquire, Gordon Fournaris & Mammarella, P.A., Wilmington, Delaware

---

[7] *Stroud v. Milliken Enters., Inc.*, 552 A.2d 476480 (Del. 1989).

5