IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JESSICA J. FACER, | § | |
| | § | |
| Petitioner Below, | § | No. 21, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| GOVERNOR OF DELAWARE, | § | C.A. No. S21M-10-003 |
| JOHN CARNEY, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | | |

Submitted: April 8, 2022
Decided:  May 17, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the opening brief, the motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Jessica J. Facer, filed this appeal from the Superior Court's dismissal of her petition for a writ of mandamus.  The Governor of Delaware, John C. Carney, Jr., has moved to affirm the judgment below on the ground that it is manifest on the face of Facer's opening brief that her appeal is without merit.  We agree and affirm.

(2)     On October 7, 2021, Facer filed a petition for a writ of mandamus in the Superior Court.  She sought a writ of mandamus compelling the Governor to

uphold the Delaware Constitution and the United States Constitution by ceasing all statewide Covid-19 mandates. Governor Carney filed a motion to dismiss, arguing that the petition was moot and did not satisfy the criteria for issuance of a writ of mandamus. After a hearing, the Superior Court granted the motion to dismiss. This appeal followed.

(3) In her opening brief, Facer argues that the contents of the Governor's emergency mandates were unconstitutional. She also contends that this matter is not moot because another pandemic could occur in the future. As the Governor points out, the petition seeks relief from emergency orders that are no longer in effect.[1] The Governor also emphasizes that the petition seeks to compel the performance of discretionary duties.

(4) "A writ of mandamus is a command that may be issued by the Superior Court to an inferior court, public official, or agency to compel the performance of a duty to which the petitioner has established a clear legal right."[2] "For the performance of a duty to be clearly owed to a petitioner, it must be nondiscretionary or ministerial, meaning that it is 'prescribed with such precision and certainty that

---

[1] Facer acknowledged in her petition that the State of Emergency she challenged had ended on July 12, 2021. *Facer v. Governor of Delaware*, C.A. No. S21M-10-003, Petition for Writ of Mandamus ¶ 18 (Del. Super. Ct. Oct. 7, 2021). On March 1, 2022, the Governor lifted a subsequent State of Emergency and school mask mandate. *See* https://news.delaware.gov/2022/03/01/governor-carney-lifts-covid-19-state-of-emergency-2/; https://news.delaware.gov/2022/02/28/delaware-school-mask-requirement-to-end-at-600-p-m-on-tuesday-march-1/.
[2] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).

nothing is left to discretion or judgment.'"[3] A court may dismiss a petition for a writ of mandamus "where events after the petition's filing moot the necessity of the writ."[4]

(5) In light of the above legal principles, we conclude that the Superior Court did not err in dismissing Facer's petition for a writ of mandamus. To the extent the petition challenged contents of emergency orders that are no longer in effect, the petition is moot. Facer speculates that there could be a future pandemic, but we decline to render an advisory opinion on a hypothetical scenario.[5] To the extent the petition challenges the Public Health Emergency that remains in effect, Facer has not explained how the Governor failed to perform a nondiscretionary or ministerial duty owed to her. As the Superior Court correctly determined, the Governor's exercise of emergency powers is a discretionary act.[6]

---

[3] *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015) (quoting *Guy v. Greenhouse*, 1993 WL 557938, at *1 (Del. Dec. 30, 1993)).

[4] *Id.* at 524-25.

[5] *Stroud v. Milliken Enters., Inc.*, 552 A.2d 476, 480 (Del. 1989) ("The law is well settled that our courts will not lend themselves 'to decide cases which have become moot, or to render advisory opinions.'") (quoting *State v. Mancari*, 223 A.2d 81, 82–83 (Del. 1966)).

[6] Transcript of December 17, 2021 hearing at 13-15, attached as Exhibit B to Motion to Affirm. *See also State ex rel. Bieroth v. Gianforte*, 2021 WL 4760161, at *1 (Mont. Oct. 12, 2021) (dismissing petition for writ of mandamus seeking to compel governor to stop issuing executive orders that were discretionary in nature in response to COVID-19); *Colvin v. Inslee*, 467 P.3d 953, 963 (Wash. 2020) (dismissing petition for writ of mandamus seeking to compel governor to release prison inmates due to COVID-19 emergency because governor's exercise of emergency powers was discretionary).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice