**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| LITTLE RIVER LANDING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2021-0012-SEM |
| | ) | |
| ALLSTATE VEHICLE AND | ) | |
| PROPERTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON EXCEPTIONS TO
MAGISTRATE'S DECISION**

WHEREAS:

1. On July 1, 2024, Senior Magistrate Judge Molina issued a final post-trial report[1] denying Plaintiff's request for reformation of an insurance contract to change the named insureds from its members, Love and Michee Mbuntcha (the "Members"), to itself, the true owner of the Property.[2]

2. On July 12, 2024, Plaintiff filed timely exceptions to the Final Report.[3] Plaintiff argues that Senior Magistrate Judge Molina erred by (i) failing to impose proper sanctions against Defendant as a result of its spoliation of telephone recordings between Mrs. Mbuntcha and Defendant's agents; (ii) misapplying

---

[1] *Little River Landing, LLC v. Allstate Vehicle and Prop. Ins. Co.*, C.A. No. 2021-0012-SEM, Docket ("Dkt.") 45, Magistrate's Final Post-Trial Rep. (the "Final Rep.").

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Final Report.

[3] Dkt. 46, Pl.'s Exceptions to Magistrate's Final Rep. ("Pl.'s Exceptions").

principles of agency in concluding that Plaintiff was an undisclosed principal; and (iii) concluding that the Plaintiff had failed to prove mutual mistake.[4]

3. On July 15, 2024, Defendant filed Cross Exceptions to the Final Report.[5] Although Defendant's Exceptions were not timely filed, on July 16, 2024, Defendant filed a motion for extension of time, explaining that Defendant's Exceptions were being filed for the purpose of preserving arguments for appeal and that "[a]s Defendant Allstate was the prevailing party, Defendant's exceptions, if the only exceptions filed, would have been moot[.]"[6] Defendant further explained that Plaintiff did not object to the Motion for Extension.[7] The Motion for Extension was granted on July 30, 2024.[8]

4. Defendant's Exceptions argue that Senior Magistrate Judge Molina erred by (i) concluding that Plaintiff had standing to sue for reformation; (ii) finding that a lack of any insurable interest did not make the policy unenforceable as a matter

---

[4] Dkt. 53, Pl.'s Opening Br. in Supp. of Exceptions to Final Rep.

[5] Dkt. 47, Notice of Def.'s Cross Exceptions to Master's Final Post-Trial Rep. and Cross Exceptions to the Denial of Def.'s Summ. Judgment Mot. (the "Def.'s Exceptions," and together with the Pl.'s Exceptions, the "Exceptions").

[6] Dkt. 49, Def. Allstate Vehicle and Prop. Ins. Co.'s Mot. for Extension of Time for Cross-Mot. for Exceptions (the "Mot. for Extension") ¶ 9.

[7] *Id.* at ¶ 17.

[8] Dkt. 52, Order Granting Def. Allstate Vehicle and Prop. Ins. Co.'s Mot. For Extension of Time for Cross-Mot. Of Exceptions.

of law and not subject to reformation; and (iii) declining to grant summary judgment prior to trial.[9]

5.   The parties have fully briefed the Exceptions.

6.   Oral argument on the Exceptions was held on December 18, 2024.

NOW, THEREFORE, the Court having carefully considered the briefing and oral argument on the Exceptions, IT IS HEREBY ORDERED, this 21st day of February, 2025, as follows:

1.   The Court has reviewed the record and the Magistrate Judge's determinations *de novo*.[10]  Having done so, the Court has determined it can conduct a *de novo* review without a further trial or evidentiary hearing.

## I.   Plaintiff's Exceptions.

2.   With respect to Plaintiff's Exceptions concerning the severity of spoliation sanctions, application of agency principles, and conclusion that the Plaintiff failed to prove mutual mistake, "[b]elieving the [Magistrate Judge] to have dealt with the issues . . . in a proper manner, and having articulated the reasons for her decision well, there is no need for me to repeat her analysis."[11]  I endorse the Magistrate Judge's analysis and her conclusions.

---

[9] Dkt. 51, Allstate Vehicle and Prop. Ins. Co.'s Opening Br. in Supp. of Exceptions to Magistrate's Post-Trial Final Rep. and Final Rep. on Denial of Mot. for Summ. Judgment.

[10] *See DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999) ("[T]he standard of review for a [Magistrate's] findings—both factual and legal—is *de novo*.").

[11] *Blackburn v. Hooks*, 2018 WL 4643812, at *2 (Del. Ch. Sept. 26, 2018) (quoting *In re Erdman*, 2011 WL 2191680, at *1 (Del. Ch. May 26, 2011)).

3

3.     After *de novo* review, I am satisfied that Plaintiff's Exceptions to the Magistrate Judge's Final Report should be denied, and that the Final Report must be adopted and affirmed.

## II.     Defendant's Exceptions.

4.     Defendant acknowledged in its Motion for Extension that, because it was the prevailing party, its exceptions would have been moot if Plaintiff had not filed exceptions.[12] Because I have denied the Plaintiff's Exceptions and affirmed the Final Report, Defendant's Exceptions regarding Plaintiff's standing and the availability of reformation where the named insured did not have an insurable interest are therefore moot.[13] "The law is well settled that our courts will not lend themselves 'to decide cases which have become moot, or to render advisory opinions.'"[14]

5.     Defendant's Exceptions regarding the Magistrate Judge's denial of summary judgment are arguably also moot, given Defendant's continued status as the prevailing party.  Regardless, "[t]here is no 'right' to summary judgment,"  and

> where, as here, the Magistrate defers judgment to a record to be created at trial, she has not made a finding of fact *or* law that determines a legal right.  Just as with a decision to not permit a summary judgment motion, the Magistrate has merely exercised control over her docket, in

---

[12] Dkt. 49, Mot. for Extension ¶ 9.

[13] Further, to the extent that Defendant's Exceptions mirror those presented to Vice Chancellor Glasscock on Defendant's Exceptions to Masters Final Report Denying Allstate Vehicle and Property Insurance Company's Motion to Dismiss (Dkt. 16), they were resolved properly at that stage and need not be reconsidered now.

[14] *Stroud v. Milliken Enterprises, Inc.*, 552 A.2d 476, 480 (Del. 1989) (quoting *State v. Mancari*, 223 A.2d 81, 82-83 (Del. 1966)).

the interest of efficiency and justice.  Consequently, in such a case, there is nothing to review on exceptions.[15]

6.     As such, it is not necessary for me to review Defendant's Exceptions on the merits at this time.  Notwithstanding the foregoing, I acknowledge that the Defendant's Exceptions have been raised at the trial court level, insofar as they must be for the purpose of any future appeal.


                                                     */s/ Nathan A. Cook*
                                                     Vice Chancellor Nathan A. Cook

---

[15] *August v. Glade Prop. Owners Ass'n, Inc.*, 2023 WL 5431953, at \*1 (Del. Ch. Aug. 23, 2023).